[No. 4863.    Decided December 12, 1904.]

## CARL WASMUND et al., Appellants, v. CHRIS HARM et al., Respondents.[1]

ADVERSE POSSESSION—EASEMENTS—RIGHT OF WAY—PRESCRIPTIVE PERIOD FOLLOWS STATUTE. An easement of a right of way across the lands of another, in favor of an adjoining owner, may be acquired by adverse user for the period of limitations for quieting title to lands.

SAME—PLEADINGS—ANSWER—VARIANCE—AMENDMENTS.    In an action to enjoin trespass, an answer setting up a right of way by prescription, by adverse user for twenty years, does not limit the proof to user for twenty years, since the easement by prescription may be acquired by ten years' adverse use, and no amendment of the pleadings is called for.

SAME—USE OF WAY WHEN ADVERSE—EVIDENCE—SUFFICIENCY. Upon an issue as to whether the use of a right of way across the adjoining farm lands of another was adverse or merely permissive, the trial court's finding of adverse use is sustained by evidence to the effect that the users found the way open when they purchased their lands, that it was the sole means of access thereto, that, after some years, the lands subject to the use, which had been unenclosed, were fenced by the owner, who requested the users to erect gates, which was done, although there is conflict in the testimony as to the gates, the owner claiming that he required the users to erect gates or submit to the closing of the road.

SAME—INTENT HOW SHOWN. In such a case the fact that the users of the road did not, in giving their testimony, positively declare that their use was adverse, does not affect the weight of the evidence, since their intent can be better shown by acts than by declarations.

[1]Reported in 78 Pac. 777.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered July 25, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to enjoin trespassing. Affirmed.

*Hudson & Holt,* for appellants. Where there is no statutory limitation applicable to incorporeal hereditaments like the easement in this case, the common law rule of twenty years prevails. Washburn, Easements (2d. ed.), 106; *Tracy v. Atherton,* 36 Vt. 512; *Louisville etc. R. Co. v. Hays,* 11 Lea (Tenn.) 382, 47 Am. Rep. 291; *Ferrell v. Ferrell,* 60 Tenn. 329; *Claflin v. Boston etc. R. Co.,* 157 Mass. 489, 32 N. E. 659, 20 L. R. A. 638; *Cooper v. Smith,* 9 Serg. & R. 26, 11 Am. Dec. 658; *Crawford v. Neff,* 3 Grant's Cas. 175; *Cox v. Forrest,* 60 Md. 74; *Blanchard v. Moulton,* 63 Me. 434. The use in this case was not of such a character as would ripen into an easement. *Simms v. Davis,* Cheves Law (S. C.) 1, 34 Am. Dec. 581; *Coburn v. San Mateo County,* 75 Fed. 520. Use under a claim of right is essential. *Thomas v. England,* 71 Cal. 456, 12 Pac. 491; *Shell v. Poulson,* 23 Wash. 535, 63 Pac. 204; *Megrath v. Nickerson,* 24 Wash. 235, 64 Pac. 163; *Shellhouse v. State,* 110 Ind. 509, 11 N. E. 484; *Dexter v. Tree,* 117 Ill. 532, 6 N. E. 510; *Hall v. McLeod,* 2 Met. (Ky.) 102; *Harkness v. Woodmansee,* 7 Utah 227, 26 Pac. 292; *Town of Brushy Mound v. McClintock,* 150 Ill. 129, 36 N. E. 976; *Warren v. President etc.,* 15 Ill. 241; *Ferrell v. Ferrell, supra; Hill v. Hagaman,* 84 Ind. 290; *Parish v. Caspar,* 109 Ind. 586, 10 N. E. 109; *Funk v. Anderson,* 22 Utah 238, 61 Pac. 1006; *Center Creek etc. Co., v. Lindsay,* 21 Utah 192, 60 Pac. 559; *Yeager v. Wood-*

*ruff,* 17 Utah 361, 53 Pac. 1046. The statute of limitations for the recovery of real estate has no application to incorporeal hereditaments and is applied by analogy only, in which case all the requirements of the local statute must be met. *Harkness v. Woodmansee, Funk v. Anderson* and *Cooper v. Smith, supra.* Where the use of a road is permissive in its inception, there must be some positive conduct to indicate a change in the character of its use, brought to the knowledge of the owner of the soil, especially where the land is uninclosed. *Ball v. Kehl,* 95 Cal. 606, 30 Pac. 780; *Yeager v. Woodruff* and *Hill v. Hagaman, supra; Patterson v. Griffith,* 23 Ky. L. 334, 62 S. W. 884. In the case of uninclosed lands, strong evidence should be required, and mere use unexplained is not sufficient. *Chisolm v. Caines,* 67 Fed. 296; *Trump v. McDonnell,* 120 Ala. 200, 24 South. 353; *M'Kee v. Garrett,* 1 Bailey 341; *Watt v. Trapp,* 2 Rich. Law 136. The erection of gates without objection, was a recognition of the permissive character of the use of the road. *Thomas v. England, supra; Calvin v. Burnett,* 17 Wend. 569. Harm commenced the use of a road which had been constructed by others for their use under an express license from appellant, and, having succeeded to their interests, his continuation of the use with others was merely the enjoyment of a right granted to another, which the owner of the soil permitted others to enjoy, and was not in any sense adverse; commencing as it did, it created no easement in his behalf. *Kilburn v. Adams,* 7 Met. 23, 39 Am. Dec. 754; *Davis v. Brigham,* 29 Me. 391; *Day v. Allender,* 22 Md. 529; *Smith v. Higbee,* 12 Vt. 113; Washburn, Easements (4th ed.), pp. 164–6, §§ 44–46.

*Frederick H. Murray* and *H. C. Colburn,* for respondents.

FULLERTON, C. J.—On July 2, 1878, the Northern Pacific Railway Company, being then the owner of a part of the southeast quarter of section 1, in township 19, north, of range 4, east of the Williamette Meridian, conveyed the same to one Isaac W. Anderson, reserving to itself a strip 400 feet wide extending northerly through the same near the center thereof, being a strip 200 feet in width on each side of its railway track. In December, 1881, Anderson conveyed, by warranty deed and without reservation of any kind, all the land lying on the east side of the railroad to the appellant Carl Wasmund, and on September 28, 1882, conveyed the part on the west side of the track to one T. J. Green. Green, in January, 1885, conveyed some 25 acres off the north end of the tract to one G. W. Holt, and in January, 1887, conveyed the remainder to the respondent, Chris Harm. Holt in February, 1888, conveyed the tract deeded to him to one James A. Johnson, who, on the 27th of December, 1889, conveyed the same to Harm.

By these conveyances the respondents, as a community, became the owners of all the original tract owned by Anderson which lay west of the railroad. At the time of these several conveyances, the only county road accessible to any part of the land was one crossing the railway track some distance south of the south boundary of section 1, and extending in a northeasterly direction, crossing the same at or near its southeast corner. It will be seen, therefore, that, when Anderson conveyed the tract lying east of the railroad to the appellants, it cut off the remainder from the road, leaving it landlocked in so far as access to the public highways was concerned. Anderson, while he continued to own the isolated tract, seems to have gained access thereto from the road by passing through the orchard and meadow of the appellants; and

Green, while he owned it, gained access thereto in the same way. Holt, after his purchase, opened up, by permission of the appellants, an old · logging road, which extended from a point on the county road near the southeast corner of section 1, westerly across the appellants' land to the railroad, and used this way during the time he continued to hold the 25 acres he purchased from Green. Johnson used the same way after he purchased from Holt, paying the appellants a small consideration for the privilege.

The respondents settled upon the tract purchased by them from Anderson in 1887. They found the road that Holt had opened still in use, and the only means of reaching the public highway from the lands they had recently purchased. They immediately began the use of the road, and, from thence to the time of the commencement of this action in December, 1902, used it continuously. The appellants' land across which it ran was then uninclosed. It remained so until about the year 1895, when the appellants, being desirous of fencing it, asked the respondents to insert posts on the side of the road where they wished to have their gates. These posts were put in by the respondents at once. Later, when the appellants informed them that they had completed the fence, they put in gates, which they have continued to maintain ever since. There was, however, no interruption of their use of the way during any of the times mentioned.

In December, 1902, the appellants served notice upon the respondent purporting to revoke any license they might have to use the way, and forbidding them to make further use of the same in any manner. The respondents, nevertheless, continued in their use of the way, whereupon this action was brought to restrain them from so doing. To the complaint for an injunction, the respondents answered, justifying their use of the way on two

grounds: first, that they were entitled to its use as a way of necessity; and, second, that they had a right of way by reason of an adverse user of the same for over ten years. On the trial the court found against the claim of a right of way of necessity, but held that the respondents had a right of way by adverse user. Judgment was entered in accordance with the finding, and this appeal is taken therefrom.

The principle question, and the only one we have found it necessary to discuss, is, have the respondents acquired a right to a way by adverse user across the appellants' premises? The appellants contend they have not, for several reasons, the first of which is that, conceding the user to have been adverse and otherwise sufficient to ripen into an easement in time, the use has not been continued for the required period. They argue that, inasmuch as there is no special statute of limitations in this state applicable to incorporeal hereditaments, the rule of the common law must be applied, and that this rule fixed the period at twenty years. But we think counsel are mistaken in assuming that the prescriptive period under the common law was twenty years. Strictly speaking, it was not. Under the common law, to acquire an easement in the land of another by adverse user, the use must have continued from a time when the memory of man ran not to the contrary, and it was only by analogy to the statute of 21 Jac. 1, ch. 16, requiring writs for the recovery of real property to be "sued out within twenty years next after the title and cause of action had first descended or fallen," that the English courts held that twenty years' use and enjoyment of an easement was sufficient evidence of the possession of a prescriptive right. Later on the matter was regulated in England by statute. In the United States, however, the courts have generally fol-

lowed the doctrine of the English courts, rather than the rule of the common law; and it is now the prevailing rule that the prescriptive period for the acquisition of an easement corresponds with the local period of limitations for quieting title to lands. Washburn's Easements and Servitudes (4th ed.), p. 148, par. 24; Angell on Limitations, § 4, Note 2; 22 Am. & Eng. Enc. Law (2d ed.), 1212. "In general, it is the policy of the courts of law to limit the presumption of grants to periods analogous to those of the statute of limitations, in cases where the statute does not apply." *Ricard v. Williams,* 7 Wheat. 110. This rule seems consonant with the better reason, and we feel constrained to follow it. Applying it to the case before us, it is at once apparent that the way in question here has been in use by the respondents for the full statutory period, the same having been in use by the respondents from about the middle of the year 1887 to the end of the year 1902.

In this connection it is well to notice the further contention of the appellants that the respondents are estopped from claiming that adverse use for any number of years less than twenty will establish a way by prescription, because of the manner in which the issue was framed in the pleadings. The respondents, in answer to the appellants' complaint, claimed a right of way by prescription, alleging that they had used the way in question for a period of twenty years. These allegations were denied in the reply. The argument is that a litigant is bound by the theory of his pleadings, and cannot recover, even if his proofs may warrant a recovery, if such proofs do not correspond with such theory. But the rule is not so onerous as this. Mistakes in pleadings may always be amended to correspond with the proofs, and an appellate court will never deny a litigant the benefit of his proofs because of a

variance between them and the allegations of his plead-
ings, unless, perhaps, in a case where he has been called
upon to amend, and has refused.  The case before us is
not such a case.  It may be questioned, we think, whether
there was even a variance, but certain it is that the re-
spondent was never called upon to amend his pleadings.

It is next said that the use of the way by the respond-
ents was not of such a character as will ripen into an ease-
ment.  It is not denied, of course, that one may acquire
an easement of right of way over the land of another by
user for the required time, but it is contended that the
user must possess certain characteristics which are want-
ing in the proofs of the use shown here.  Doubtless, to
establish a right of way by user, it is necessary to show
that the use has been continuous, uninterrupted, adverse to
the owner of the land over which the way is claimed, and
with the knowledge of such owner, and while he was
able, in law, to assert and enforce his rights.  It is neces-
sary, also, in order to gain a prescriptive right of way
across the land of another by user, that the use be over a
uniform route, and if used over one route one year and
another the next, it would not establish a right of way.

But that the proofs here show a compliance with the
principal part of these requisites, there can be no serious
doubt.  It was shown that the use was continuous, unin-
terrrupted, uniform as to route, and that the owners had
knowledge of the use made of the way, and were at all
times competent, legally, to assert their rights.  Whether
the use was adverse to the owners, or permissive, only, is
the sole question on which there is any real dispute, and
on this we think the weight of the evidence is with the
finding of the trial court.  The respondents found the way
open and in use when they entered upon the land in 1887.
Since that time this road has been the sole means of in-

gress and egress to and from their farm. So far as the record discloses, they have never sought to procure another way, although their farm was landlocked without this way, and its closing would effectually cut them off from the public highways. ' Moreover, as we read the testimony, there has been no question as to their right to the way. It is true there is a dispute as to what occurred when the gates were put in—the appellants' testimony being to the effect that the respondents were told to put in gates or submit to the closing of the way, while the respondents testify that a request was made of them to put in the gates, and that they complied with the request, and that there was nothing said which even intimated that their right to the way was permissive only —but it seems to us that the respondents' version of that circumstance is more consonant with the then relation of the parties than is the more harsh version given by the appellants. At any rate, there was no interruption of, or attempt to interrupt the respondents' use of, the way, and this, to our minds, is strong evidence that the parties thought that the way was being used as a matter of right, rather than as a matter of grace.

Counsel for the appellants base another objection upon the fact that the respondent who testified did not, while on the witness stand, state that his use of the way had been adverse, insisting apparently that some positive declarations are necessary in order to show the character of the use to which the way is put. But it would seem that such statements could have but little weight. Where the inquiry is as to the intent of a person at a particular time, such intent is better made known by his conduct at the time in question, than by his subsequent declarations as to what his intent then was. The examination of the respondent was directed to ascertain his intent from his

conduct, and it seems to us that it matters little that he was not asked the direct question concerning his intent while using the way.

The finding to the .effect that the respondents have a right of way by prescription across the appellants' land is in accord with the weight of the evidence, and the judgment appealed from will stand affirmed.

HADLEY, MOUNT, DUNBAR, and ANDERS, JJ., concur.