[No. 10212.  Department Two.  June 5, 1912.]

LEE BERRYMAN *et al.*, *Respondents*, v. EAST HOQUIAM BOOM & LOGGING COMPANY *et al.*, *Appellants.*[1]

WATERS AND WATER COURSES —SPLASH DAMS—PRESCRIPTION—EASEMENTS—LOGGING. Open, notorious, and continuous use of a nonmeandered stream for more than ten years, under a claim of right (a notice of appropriation filed with the secretary of state under Rem. & Bal. Code, § 7199), for the purpose of floating logs by means of splash dams, creates an easement and right to make use of the stream, as against subsequent purchasers of riparian lands who knew of such use at the time of their purchase and acquiesced therein until the prescriptive period had run.

EASEMENTS—REASONABLE USE—INJUNCTION. Injunction will not lie to restrain the use of splash dams in a stream for logging purposes, under a right acquired by prescription, where there was no unusual or negligent use of the easement.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered January 2, 1912, upon findings in favor of the plaintiffs, in an action for an injunction. Reversed.

*W. H. Abel*, for appellants.

*W. E. Campbell* and *Boner & Boner*, for respondents.

MOUNT, J.—The plaintiffs brought this action to enjoin the defendants from operating splash dams upon the East Hoquiam river, to the detriment and damage of the plaintiffs and their lands over which the river flows. Upon issues joined and a trial of the case to the court, an injunction was

[1]Reported in 124 Pac. 130.

granted as prayed for.   The East Hoquiam Boom & Logging Company and the Lytle Logging & Mercantile Company have appealed.   The other defendant was dismissed from the case at the close of the plaintiffs' evidence.

The only dispute in the case upon the facts is as to the extent of the damage done to the plaintiffs' property.   The answer of the defendants denied that they were doing the plaintiffs or their land any damage except slight and inconsequential damage, and set up a claim of right acquired by prescription to use said river and to damage plaintiffs' lands in the manner in which they were using and damaging the same.   The following facts are not disputed and are apparently conceded:   The East Hoquiam river is a branch of the Hoquiam river, in Chehalis county.   It is not meandered, and in its natural state is not navigable for floating logs or for any other purpose, but is made so by means of dams known as splash dams, which hold the water until large quantities are accumulated, and by means of automatic gates the water is released and this water then is sufficient to carry logs down the stream.   The plaintiffs own eighty acres of land across which this stream flows.   They have owned this land for about two years.   The river has been continuously used for floating logs by means of splash dams, by the appellants and their predecessors, since the year 1892.   In the year 1895 the appellant East Hoquiam Boom & Logging Company filed in the office of the secretary of state a notice as follows:

"Notice is hereby given that all the waters and shore lines of the east branch of the Hoquiam river and its branches shown on the plat attached hereto are claimed and are proposed to be appropriated by it under the laws of the state of Washington for the purposes of said corporation."

This notice and plat were filed under the provisions of Rem. & Bal. Code, § 7199 *et seq.*, and show the course of the river across the lands now owned by the defendants.   Ever since that time and almost continuously, the appellant East

Hoquiam Boom & Logging Company has been using the river for the purpose of floating logs by means of splash dams, as above indicated. Some damage has been caused to the plaintiffs' lands, the extent of which damage is disputed. The appellants contended in the lower court, and now argue here, that, by the continued use, openly, notoriously and without interference, under a claim of right, since the year 1895, they have acquired the prescriptive right to the use of the stream in the manner they have used it, and that the trial court therefore erred in enjoining such use. We are satisfied that this contention must be sustained. It is no doubt true, as stated by the court in *Watkins v. Dorris*, 24 Wash. 636, 64 Pac. 840, 54 L. R. A. 199, that persons have no right to use or interfere with the beds or banks of a stream without the riparian owner's consent, or by the exercise of the right of eminent domain; but where, under claim of right, a person uses such stream openly and notoriously and for the statutory period of ten years, a grant or the owner's consent will be presumed. 3 Kent's Commentaries (9th ed.), 574.

"If the use of the easement for twenty years is unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription . . . ." Gould, Waters (3d ed.), p. 644.

In this state the statutory period is ten years. *Wasmund v. Harm*, 36 Wash. 170, 78 Pac. 777. In this case, it is conclusively shown that the appellants have used the stream openly and notoriously and continuously for more than ten years prior to the time this action was brought, and that this use was under a claim of right which was a matter of public record in the office of the secretary of state. The plaintiffs do not claim that this use was under a license or contract inconsistent with the claim of right. The plaintiffs knew of this use at the time they purchased the land, and acquiesced in such use until this action was brought in 1911. It is therefore clear that defendants have acquired an ease-

ment in the plaintiffs' premises by prescription. *Swan v. Munch*, 65 Minn. 500, 67 N. W. 1022, 60 Am. St. 491, 35 L. R. A. 743.

The record in this case shows no unusual or negligent use of the easement for which an injunction might be granted. If the easement has been negligently used or the plaintiffs' property unnecessarily damaged, such damage may be recovered in an action for that purpose. *Brisky v. Leavenworth Logging, Boom & Water Co.*, ante p. 386, 123 Pac. 519. But injunction will not issue to restrain the use of the acquired easement.

The judgment is therefore reversed, and the cause ordered dismissed.

ELLIS, FULLERTON, and MORRIS, JJ., concur.