[No. 14864. Department Two. January 21, 1919.]

MATT HENDRICKSON, *Respondent*, v. FRITZ SUND,
*Appellant.*[1]

EASEMENTS—OBSTRUCTIONS—ACTIONS—INCONSISTENT CAUSES. In an action to establish and restrain the obstruction of a private way, an allegation showing plaintiff entitled to a right of way of necessity is not inconsistent with his claim of a right of way by prescription, and it was not error to refuse to require the plaintiff to elect between his two causes of action, where all the facts alleged showed he was relying on his prescriptive right and he did not seek to condemn a right of way of necessity.

APPEAL (457) — REVIEW — HARMLESS ERROR — EXCLUSION OF EVIDENCE. In an action to restrain the obstruction of a private way by prescription, the exclusion of a complaint in a former action by defendant showing he originally claimed a public way is not reversible error, where there was no dispute in the evidence as to that question.

EASEMENTS (5-7)—PRESCRIPTIVE RIGHT — EXCLUSIVE AND ADVERSE USE. Where the owner of land acquiesced in the construction of a road across it for the indefinite use of a neighbor, who used it for the necessary period, he acquired a prescriptive right, notwithstanding his use was not exclusive and the road was used by the owner and others; and his hostile or adverse use is sufficiently shown where such use was continuous for a period of thirty years during which time money was expended in repairs and building bridges with no objection by the owner.

Appeal from a judgment of the superior court for Wahkiakum county, Hewen, J., entered November 7, 1917, upon findings in favor of the plaintiff, in an action for an injunction and for damages, tried to the court. Affirmed.

*Norblad & Hesse,* for appellant.

*Enoch E. Mathison* and *J. J. Barrett,* for respondent.

[1]Reported in 177 Pac. 808.

MOUNT, J.—This action was brought to restrain the defendant from obstructing an alleged private way, and for damages for such obstruction, and to have the way declared a private way by prescription. The defendant filed a general denial to all the allegations of the complaint. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff. The defendant has appealed.

A number of errors are assigned. The facts will be stated more fully in considering these alleged errors.

The appellant argues, first, that the court erred in not requiring the respondent to elect upon two alleged inconsistent causes of action. It is conceded that the complaint states a cause of action based upon prescriptive right or adverse possession of a road. The complaint, in paragraph 5, alleges:

"That, by reason of the obstruction of said private roadway by the defendant, as aforesaid, the plaintiff's said property is landlocked and he has no practicable means or way of travel by vehicles or otherwise to the United States postoffice, market, church, or elsewhere, and that since such obstruction of said private roadway, the plaintiff has actually been thereby forced to pack and carry on his back, to his said residence, the necessities of life for himself and family, . . ."

The appellant contends that the complaint first states a cause of action for the use of a way by prescriptive right, and in this paragraph states an inconsistent cause of action to acquire a private way of necessity; that these two causes of action require inconsistent proof; and therefore the court erred in not requiring the respondent to elect. Without determining whether two causes of action are, as a matter of law, stated in the complaint, we think it is sufficient to say that this allegation is not inconsistent with the allegation that the respondent is entitled to a right of

way by prescription over the land of the appellant. The facts, as shown by the complaint, are, that the respondent owns a tract of land to the east of a tract owned by the appellant; that, for more than thirty years, respondent has traveled over a private way across the land of the appellant without objection; that the appellant has owned his tract of land for a period of about two years; that the predecessors in interest of the appellant had joined with the respondent in building the road in question; that they had purchased a right of way across another piece of land for the purpose of building this road; that it was used by the respondent and the predecessors of the appellant for a long period of years; that bridges were built across some streams; and that, prior to the bringing of this action, the road was obstructed by the appellant and the respondent was forbidden to travel thereon; the bridges were torn out by the appellant; and that the respondent had no other means of access to his property. It is apparent from all the allegations of the complaint that the respondent relied upon his prescriptive right to travel the road, and not upon the fact that it was a way of necessity. While, under the facts alleged, he might have condemned a way as a private way of necessity, he was not attempting to do so in this action, but was relying upon his right acquired by prescription. We are satisfied, therefore, that the trial court did not commit error in refusing to require the respondent to elect between two alleged causes of action.

Appellant next argues that the court erred in refusing to receive in evidence a complaint which had been filed in a former action by the respondent against the appellant, in which complaint it was alleged that the roadway in question was a public way. The evi-

dence shows that the respondent originally claimed that the way was a public way because he and his neighbors, and all other persons who desired to use the road, had used it. There is no dispute upon this question, and it was not reversible error, therefore, for the trial court to refuse to receive the complaint in the other action in evidence in this.

Appellant next contends that the court erred in refusing to dismiss the action at the close of the respondent's evidence, for the reason that the evidence showed that the use of the road was not an exclusive use by the respondent and not adverse, but was a permissive use which the respondent had enjoyed for more than thirty years. The evidence showed that, when the road was first constructed over the land owned by the appellant, the land was then owned by a man named Maline, who, with respondent, constructed the road, built. bridges, repaired the road and used it in common. Mr. Maline testified in this case. He testified that there was no express consent given, and that there was nothing said upon that subject. When asked whether he gave permission to construct the road or to travel thereon, he answered:

"No, I didn't give any permission— Didn't say nothing. Q. He had your consent? A. He never asked me."

So it is apparent that, when the road was originally constructed and used, no objection was made thereto by the owner of the land. He acquiesced in what was done. It is true that he and his successors in interest also used the road, and it is true that other parties desiring to go to the home of the respondent also used the road. As is said in 9 R. C. L., p. 773, § 33, referring to user:

"It is sometimes declared that it must also be exclusive, but the term 'exclusive use' does not mean

that no one may use the way except the claimant of the easement. It means no more than that his right to do so does not depend on a like right in others.''

We are of the opinion that the evidence does not disclose that the right to use the road was a mere license or a temporary permissive right. It shows that the right was given, as a matter of course, for an indefinite use by the respondent, and, therefore, when he had used the road for the required length of time, he acquired a prescriptive right, notwithstanding the fact that the owner of the servient estate and others who desired to go upon the road also used it. We are of the opinion, therefore, that the court did not err in refusing to dismiss the action.

Appellant next argues that there was no hostile, notorious, continuous, adverse user under a claim of right for a sufficient length of time to ripen into a prescriptive right in the respondent. We think the evidence is clear upon these questions. As we have already said, the evidence shows conclusively that the respondent and the predecessor of the appellant constructed the road for their own use and for others who might desire to use it. This use was continued uninterruptedly by respondent for a period of more than thirty years. Thereafter, this appellant acquired the servient estate and undertook to, and did, obstruct the road, tear up the bridges, and refused respondent permission to travel thereon. If a right of way can be acquired by prescription, we think it plain that the respondent acquired such right in this case. In the case of *Wasmund v. Harm*, 36 Wash. 170, 78 Pac. 777, we held that an easement of a right of way across the land of another, in favor of an adjoining owner, may be acquired by adverse user for the period of limitations for quieting title to lands—which is ten years.

In *Van de Vanter v. Flaherty*, 37 Wash. 218, 79 Pac. 794, we held to the same effect, saying:

"The witness Wilcoxen occupied the land now owned by the plaintiff from 1884 to 1898, and during all that period he used the roadway in question, and expended $100 in building the roadway, and keeping the same in repair. This witness, and his successors in interest, used the roadway continually for nearly twenty years, without let or hindrance from any person, and, during all said time, expended more or less money in keeping the road in repair and fit for public travel. We think the testimony ample to establish a roadway by prescription, under the decisions of this court . . ."

The same is true in this case. The respondent here had used the road continuously for a period of more than thirty years. He had expended labor and money upon it in building bridges and in repairing it, and no objection was made thereto by the owner until the appellant acquired the tract, when he then obstructed the road, tore up the bridges, and refused the respondent the right to travel the same.

We are satisfied, under all the facts of the case, that the respondent here acquired a right by prescription to the use of this road.

The judgment appealed from is therefore affirmed.

HOLCOMB, PARKER, FULLERTON, and MAIN, JJ., concur.