[No. 17206. Department One. July 17, 1922.]

CHARLES OCHFEN et al., *Appellants,* v. MIKE KOMINSKY, *Respondent.*[1]

WATERS AND WATER COURSES (58)—DITCHES—PRESCRIPTIVE RIGHTS —EASEMENTS—ADVERSE USE—EVIDENCE—SUFFICIENCY. A prescriptive right to maintain a ditch draining land of surface waters is acquired where the owner of the premises drained the same upon and across adjoining government land, and maintained the ditch for fifteen years after issuance of the patent to the adjoining land; enjoying a use that was open, adverse and under claim of right, without objection or protest from any person.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered November 7, 1921, in favor of the defendant, in an action for an injunction, tried to the court and a jury. Reversed.

*Gordon & Nolte, E. F. Adams,* and *M. S. Lindsey,* for appellants.

*Louis J. Muscek,* for respondent.

BRIDGES, J.—Each the plaintiffs and the defendant owns 160 acres of land in Pierce county. The defendant's land joins the plaintiffs' on the west. The plaintiffs' land is, generally speaking, a little higher than that of the defendant. There is a strip of low, swampy land commencing near the easterly portion of the plaintiffs' land, and continuing in a general southwesterly direction, passes into and through the land

[1]Reported in 207 Pac. 1050.

of the defendant. On the plaintiffs' land there are three or four swampy tracts, separated one from the other by natural barriers. In 1877, the then owner of the land now belonging to the plaintiffs constructed a ditch connecting the various swampy and low places of that land, and this ditch was carried across a part of the land now owned by the defendant. The purpose of this ditch was to drain the low and fertile lands on the tract now owned by the plaintiffs so that they could be put under cultivation. This ditch was originally dug by the father of Mrs. Ochfen, who inherited the land from him. At all times since it was made, the plaintiffs and their predecessor in ownership have kept the ditch cleaned out so that it would be suitable for drainage. In a general way it follows the natural swale in the land in question, but it also serves to accelerate and increase the flow of the water onto and through defendant's land. The land now owned by the defendant was government land when this ditch was dug, and for some years thereafter. In 1889, it was entered as a homestead, and patent was issued thereto in 1895. In 1917, the defendant became the owner of the lower 160 acres, and in 1918 constructed a dam in the ditch at a point on his own land near where it left the plaintiff's land and entered his. Up to this time no person had ever interfered with the ditch or complained of its maintenance and the use to which it was put.

The plaintiffs brought this suit to enjoin the defendant from maintaining this dam, and to obtain its destruction, and also for damages resulting to their crops caused by the back waters as a result of the maintenance of the dam. The defendant, by affirmative answer, claimed that the plaintiffs had no right to cast the surface waters from their land onto his to his

damage, and sought to enjoin them from so doing, and also asked damages which he had already received because of the waters flowing through the ditch and overflowing his land and damaging his crops. Although the case was tried as one in equity, the court submitted to the jury certain questions of fact, and entered its judgment in favor of the defendant, awarding him damages in the sum of $1,850, and enjoining the plaintiffs from maintaining the ditch or causing any of the surface waters from their lands to run through the same onto or through the land of the defendant, and also adjudging that, within a designated period, the plaintiffs should fill up the ditch so as to prevent the flow of water therein. From this judgment, the plaintiffs have appealed.

Appellants contend that, under the facts as recited, they have obtained, by lapse of time, a prescriptive right to maintain this ditch. We are of the opinion that this position must be sustained. As a general proposition, a prescriptive right to the use of waters or ditches such as is involved here can be acquired only by adverse user of the character which is required for the acquisition of the title to land by adverse possession. To acquire a prescriptive right there must be continuous, uninterrupted and adverse use, under claim of right, for at least the period of ten years. In the case of *Berryman v. East Hoquiam Boom & Logging Co.*, 68 Wash. 657, 124 Pac. 130, we said:

"Where, under claim of right, a person uses such stream openly and notoriously and for the statutory period of ten years, a grant or the owner's consent will be presumed. 3 Kent's Commentaries (9th ed.), 574.

" 'If the use of the easement for twenty years is unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a

title by prescription. . . .' Gould, Waters (3d ed), p. 644.

"In this state the statutory period is ten years. *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777. In this case, it is conclusively shown that the appellants have used the stream openly and notoriously and continuously for more than ten years prior to the time this action was brought, and that this use was under a claim of right which was a matter of public record in the office of the secretary of state . . . It is therefore clear that defendants have acquired an easement in the plaintiffs' premises by prescription."

All of these elements are present in this case. There are some authorities which hold that a prescriptive right cannot be initiated on public lands, even after they have been entered as a homestead, and that the commencing period of such prescriptive right cannot be earlier than the date of the issuance of the patent. There are cases, however, holding to the contrary. It is not necessary for us to decide this question because the testimony conclusively shows that this ditch was constructed many years before this land was patented in 1895, and that in that year the ditch was on the land in question and was then serving, and has continued to serve, the purposes of its construction. More than fifteen years elapsed from the date of the issuance of the patent before the respondent built the dam and caused the obstruction to the flow of the water in the ditch. Up until 1918, the ditch was maintained in the same manner it was originally built, and during all that period was used by the appellants and their predecessor in interest for the purpose of draining the surface waters from their land. During all those years this use was open and adverse and under claim of right, and without any objection or protest from any person. These facts unquestionably give the appellants a prescriptive right to maintain and use this ditch in the

way it has in the past been maintained and used. It follows from this conclusion that the respondent had no right to obstruct the flow of the water in the ditch by placing a dam there, or in any other manner. *Railway Co. v. Mossman,* 90 Tenn. 157, 16 S. W. 64, 25 Am. St. 670; Farnham on Waters and Water Rights, vol. II, p. 1735 *et seq.*

The respondent contends that this ditch carries off surface waters which, under the decisions of this court, are outlaw waters, and that the owner of the land has a right to protect himself against such waters. We have so held in a number of cases. We have also held that an upper landowner has no right to dig a ditch by means of which he seeks to rid himself of surface waters on his land by casting them on the land of his neighbor. *Wood v. Tacoma,* 66 Wash. 266, 119 Pac. 859; *Morton v. Hines,* 112 Wash. 612, 192 Pac. 1016; *Whiteside v. Benton County,* 114 Wash. 463, 195 Pac. 519. Other decisions of this court will be found cited in the last mentioned case. But those cases are not in point here. We have not before us the question of the rights of respective parties concerning outlaw or surface waters, but we have the question of the prescriptive right of an owner of upper land to cast such surface water, by means of artificial ditches, onto the land of his neighbor.

The respondent is not entitled to any relief in this action. Appellants are entitled to a decree enjoining the respondent, his servants, agents and employees, from interfering with the ditch in question, and requiring respondent to abate the obstruction which he has placed in the ditch, and appellants are also entitled to recover of the respondent such damages as they have shown. We are satisfied that the trial court is in a much better position than we to determine what, if any, amount appellants are entitled to recover as

damages. The decree is reversed, and the case remanded with instructions to the trial court to fix the amount of appellants' recovery for damages, and to enter a decree in their favor in accordance with this opinion.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.