[No. 22905.  Department Two.  May 12, 1931.]

CARL LUND et al., *Respondents*, v. OSCAR JOHNSON, *Appellant*.[1]

*H. E. Gorman,* for appellant.

*Marion Garland,* for respondents.

FULLERTON, J.—The respondents brought this action to enjoin the appellant from obstructing a part of a private road leading from a public highway across land of the appellant to lands of the respondents and others.  The respondents' right to an injunction de-

[1]Reported in 298 Pac. 702.

pends upon whether they have acquired by prescription an easement for a right of way over the private road.

The appellant owns and occupies the west half of the northwest quarter of the northeast quarter of section 36, township 24 north, range 1 east, W. M., in Kitsap county. Across the north margin of this tract runs a public highway. The east line of the tract is the center line of the private road. The appellant also owns and uses the south half of the southeast quarter of the same 1/16 section. The respondents own and occupy the west half of the southwest quarter of the northeast quarter of section 36. The east halves of the two 1/16 sections mentioned are divided into four tracts, separately owned, one being the five-acre tract of the appellant described above. The owners and occupants of these tracts and their predecessors have made use of the private road in common with the respondents and the appellant and his predecessors, though not all of them have used the road to the same extent.

The controversy in this action is limited by the pleadings and the decree to that part of the private road crossing the south one-quarter, or about 330 feet of the northwest quarter of the northeast quarter. The erection by the appellant of obstructions in this part of the road shortly before the commencement of this action is the interference sought to be enjoined.

Upon appropriate issues, there was a trial before the court without a jury, which resulted in a decree in favor of the respondents. From that decree this appeal is taken.

The first and second assignments of error have been separately argued, but all others have been grouped for argument; so that the appellant's main contentions are stated by him as follows:

"I. That the court abused its discretion in permitting Arthur Lund as county clerk to testify in this case after the rule excluding witnesses had been invoked, and the clerk remained in the court room and listened to the evidence on the part of the plaintiff.

"II. That the court abused its discretion in admitting plaintiff's Exhibit 'D' as evidence after the plaintiff had rested his case.

"III. That the evidence does not sustain the findings or judgment in that the use of this lane by the plaintiff was neither exclusive nor adverse to the other users or to the defendant."

The facts relating to the first contention are these: In the forenoon of the first day of the trial, when the taking of testimony was about to be commenced, the court, at the appellant's request, directed all witnesses to remain outside the court room until called to testify. Arthur Lund, who was to be a witness for the respondents, was the county clerk, and as such was in attendance as clerk of the court when the above mentioned direction was given. He did not retire from the court room, but remained at his desk, though it may be assumed that he knew he was to be called to testify. Counsel for the respondents omitted to suggest, either to Lund or to the court, that Lund should retire with the other witnesses. It does not appear whether counsel for the appellant knew that Lund was to be a witness, but it will be assumed that he did not. While Lund was in the court room, two witnesses for the respondents testified rather briefly as to the use and condition of the private road during a period of about eleven years next before the trial, and then the court adjourned over the noon hour.

Upon the reconvening of court, Lund was called as a witness for the respondents, and the appellant objected to his testifying because he had heard the two preceding witnesses testify. The objection was over-

ruled, and Lund was examined and cross-examined as a witness for the respondents. His testimony was brief, and related almost entirely to the use, nature, and location of the private road prior to the period covered by the testimony of the two witnesses previously examined.

Upon consideration of all the circumstances and of the testimony of this witness and of the two who preceded him, and of the probable effect of the testimony of this witness upon the result of the case, we are convinced that there was no abuse of discretion in allowing him to testify.

■ The appellant's second contention is also without merit. The exhibit, to the admission of which objection is made, is a rough pencil sketch showing the private road in controversy and the several tracts of abutting land and their ownership. It was drawn and handed to the court by counsel for the appellant in response to an inquiry by the court made during the opening statements. The court directed that the sketch be "marked as an exhibit for illustration" and handed it to the clerk, who marked it "For identification, Defendant's Exhibit 1." It was thereafter used, with a similar sketch prepared by the respondent Carl Lund and similarly admitted and marked, to illustrate the testimony of witnesses.

At the close of the respondents' case in chief, counsel for the appellant challenged the sufficiency of the evidence and moved the court to dismiss the action. In opening the argument, counsel asserted that appellant's Exhibit 1 for illustration had not been admitted in evidence, whereupon a colloquy ensued, during which the court decided to consider the exhibit a part of the respondents' case and directed the clerk to cancel the previous marking and mark it anew as an exhibit of the respondents. Thereupon it was marked

"Plaintiffs' Exhibit D." That this procedure was harmless to the appellant and involved no abuse of discretion, we think, is hardly subject to question.

The appellant's third contention, as elaborated by the argument, goes to the sufficiency of the evidence to support the facts found by the court in Paragraph III of the findings of fact, which reads as follows:

"That the plaintiffs, together with other parties, have been for more than eighteen years openly, notoriously and adversely using and crossing over a road from their land above described unto and over the land above described in possession of the defendant. That said road has been used for eighteen years adversely and as a matter of right; that these plaintiffs have no other means of ingress nor egress to and from their land except by and over said road; and have continuously and uninterruptedly used said road as a matter of right adversely to the whole world for approximately eighteen years, and same is, and has become a private road in favor of these plaintiffs by right of adverse user. That said road is approximately 12 feet in width, running North and South along the center line of the real property described in Paragraph II of the Findings herein."

To review the evidence here would serve no useful purpose. We deem it sufficient to say that we have carefully read and considered all of the evidence and the able analysis and discussion thereof by counsel for the appellant, and are convinced that the trial court correctly found the ultimate facts. Resolving in the respondents' favor a few slight discrepancies in the testimony (as we are bound to do, in view of the findings of the trial judge), we find that the evidence abundantly shows every element essential to establish the respondents' right to an easement by prescription over the private road.

There are two contentions urged, however, that perhaps we ought to notice particularly. The

private road had been used throughout the prescriptive period not only by the respondents, but also by the appellant himself and by other owners and occupants of adjacent lands, and also, to some extent, by persons going to and from lands lying south of the adjacent lands. It is urged by the appellant that, in such circumstances, the use of the road by the respondents was not exclusive, within the meaning of the law applicable to the acquisition of easements by prescription.

The rule that the user must be exclusive means no more, in the case of an easement for a right of way, than that the right of the claimant must rest upon its own foundations and not depend upon a like right in any other person. It is not necessary under this rule that the person asserting a right of way by prescription should have been the only one who used or was entitled to use the way, so long as he has exercised his right under a claim of right independently of others. *Hendrickson v. Lund,* 105 Wash. 406, 177 Pac. 808; Jones on Easements, §§ 272-273.

During a part of the prescriptive period a gate was maintained at the junction of the private road with the public highway. About three years before the commencement of this action, at which time the prescriptive period would have been complete if the respondents' user was theretofore continuously adverse, the gate at the highway was abandoned, and another was erected across the private road about six hundred feet back from the highway. When and by whom the gate at the highway was erected does not appear; but it was by agreement between the appellant and another user of the private road, with the acquiescence apparently of all of the other users thereof, that the gate at the highway was abandoned and the new gate erected. Neither gate was in use con-

tinuously, but only when the appellant or some other person was pasturing stock on lands to which the road furnished access. Whenever one of the gates was in use, persons using the road would open and close the gate as they passed through it.

The appellant argues that the maintenance of these gates constituted an interruption of the respondents' use of the private road and rendered their use permissive and not adverse. It seems clear to us, however, from all of the evidence, that neither gate constituted an interruption of the use which the respondents were making of the private road, but was entirely consistent therewith, and that therefore their acquiescence in the maintenance of the gates is no evidence that the use was permissive only. *Wasmund v. Harm*, 36 Wash. 170, 78 Pac. 777.

The judgment of the superior court is affirmed.

TOLMAN, C. J., BEALS, MILLARD, and BEELER, JJ., concur.