[Civ. No. 8771. First Appellate District, Division One.—February 4, 1933.]

W. H. BERNSTEIN et al., Respondents, v. STANLEY DODIK et al., Appellants.

N. B. Nelson for Appellants.

L. Lee Bernstein for Respondents.

JAMISON, J., *pro tem.* — This action was brought by plaintiffs to quiet title to an easement and to enjoin defendants from interfering with and obstructing plaintiffs' use of same, and for damages. Judgment was rendered for plaintiffs, quieting their title to said easement, permanently enjoining defendants from interfering with or obstructing same, and for $50 damages. From this judgment defendants appealed.

Plaintiffs own lot 49 in Barclay Brown's 38th Place in Los Angeles, and defendants are the owners of the adjoining lot 48. Robert B. McGaffey and his wife acquired title to lot 48 in 1914 and purchased lot 49 on contract in 1916. Robert B. McGaffey and wife purchased lot 49 on a contract from Los Angeles Trust & Savings Bank. In 1917 Robert B. McGaffey died and in 1920, following administration upon his estate, distribution of lots 48 and 49 was made to Carrie Merrick, the widow of said Robert B. McGaffey, who after his death married Willard F. Merrick. She completed payments on the contract for lot 49 and in 1920 the Los Angeles Trust & Savings Bank executed a deed to her and her husband as joint tenants for said lot 49. Carrie Merrick died in 1923. Thereupon title to lot 49 vested in Willard F. Merrick by operation of law. In 1928 Merrick and a subsequent wife deeded lot 49 to one Alford, who executed a deed of trust on the property, which was foreclosed and the Pacific States Savings & Loan Company became the purchaser at the foreclosure sale; in September, 1929, that company deeded said lot 49 to respondents.

Lot 48 was, upon the administration of the estate of Carrie Merrick, in accordance with her will, distributed to Percival B. McGaffey and Robert D. McGaffey on February 25, 1930. They conveyed same to appellants as joint tenants on May 27, 1930. Between lots 48 and 49 there is a driveway 7.7 feet wide which runs back to some garages near the rear of the lots. A strip 4.6 feet of this driveway is on lot 49 and a strip 3.1 feet is on lot 48. The driveway is the alleged easement involved on this appeal.

Respondents produced evidence to the effect that in 1922 four or five garages or compartments for automobiles were erected at the rear of this driveway, most of them being on lot 49, but that they projected over and into lot 48; that in this same year the Merricks built a duplex bungalow on lot 49; that for convenience in passing over said driveway they had concrete strips laid along the driveway to said garages, one of said strips being placed on lot 49 and the other on lot 48; that there is no other way of getting to the rear of lot 49 except by means of this driveway; that where the driveway met Thirty-eighth Street at the front, the curb was lowered and a concrete apron was placed there, presumably to enable vehicles to go and come over the said driveway; that from 1922 to 1930 the said driveway was used for ingress and egress to and from the rear of both of said lots and by the tenants of lot 49, some of said tenants owning automobiles and using the garages at the rear end of the driveway.

Johnson, a witness for respondents, testified that he had a conversation with Percival B. McGaffey and Robert D. McGaffey in 1928 while they were the owners of lot 48, and that they stated to him that there was a community driveway between the two lots.

Appellants contend that the evidence is insufficient to justify the decision of the court, and that the decision is against law.

The trial court found that since 1921 the respondents and their predecessors in interest have been in the possession of said easements and have openly, notoriously and adversely used the same for ingress and egress to and from the rear of lot 49 with notice to and knowledge of appellants and their predecessors, and have thereby acquired the ownership of the said easement. Appellants claim that the use of said easement by respondents was permissive, was not continuous and was not adverse. By its finding that respondents were the owners of said easement, the trial court necessarily found against appellants upon each of these claims. The question as to whether or not the use of the driveway was under a claim of right or as a mere matter of neighborly accommodation was a question of fact to be determined by the trial court in the light of the relation of the parties, their conduct, the situation of the prop-

erty and all the surrounding circumstances. (*Abbott* v. *Pond*, 142 Cal. 393 [76 Pac. 60]; *Humphreys* v. *Blasingame*, 104 Cal. 40 [37 Pac. 804].)

Periods of vacancy incident to or occasioned by change of possession, or by substitution of one tenant for another, and which are not of longer duration than is reasonable in view of the character of the land and the uses to which it is adapted and devoted, do not constitute interruption of possession destroying its continuity in legal contemplation, where there is no intention to abandon possession. (1 Cal. Jur. 554; 1 Cyc. 1021; *Botsford* v. *Eyraud*, 148 Cal. 431 [83 Pac. 1008]; *Goodrich* v. *Mortimer*, 44 Cal. App. 576 [186 Pac. 844].)

In the instant case, while there were periods during which the duplex bungalow was vacant while substituting one tenant for another, there is no evidence that there was any intention to abandon this right of way by the owners of lot 49. While it is a well-established principle that the use must be adverse, yet it is an equally well-established principle that where the use of the easement is continuous or openly and notoriously adverse to the owner, it creates the presumptive knowledge in him that the person using the easement is doing so under a claim of right. (*Wells* v. *Dias*, 57 Cal. App. 670 [207 Pac. 913]; *Yuba Cons. Goldfields* v. *Hilton*, 16 Cal. App. 228 [116 Pac. 712, 715]; *Weyse* v. *Biedebach*, 86 Cal. App. 712 [261 Pac. 1086].)

Appellant Stanley Dodik testified that he looked after the Merrick place (lot 49) for Merrick for about two years, beginning in the spring of 1925; that during that time he saw tenants of Merrick using the driveway.

It is not necessary that one claiming by adverse possession be in personal occupation, since ocupation by a tenant inures to his benefit. (*Weyse* v. *Biedebach, supra; Beckett* v. *City of Petaluma*, 171 Cal. 309 [153 Pac. 20].) The use of said right of way by respondents and their grantors was not impaired by the enjoyment of a like right by appellants and others. (*Wells* v. *Dias, supra; Lund* v. *Johnson*, 162 Wash. 525 [298 Pac. 702].)

While the payment of taxes is essential to the successful assertion of title by adverse possession, that requirement does not apply to a mere easement which is not sepa-

rately assessed for the purpose of taxation. (*Humphreys* v. *Blasingame, supra.*)

In the case of *Smith* v. *Smith,* 21 Cal. App. 378 [131 Pac. 890], which was an action to restrain the defendant from obstructing an alleyway, the court said: "It is only the payment of taxes levied and assessed which, by section 325 of the Code of Civil Procedure, is made a condition for acquiring title by adverse possession. The easement in the alleyway being attached to the abutting property and forming a part thereof, it will be presumed, nothing to the contrary appearing, that the same and the value thereof was . . . assessed against the lots."

In *Ferguson* v. *Standley,* 89 Mont. 489, 500 [300 Pac. 245, 250], it was held that the provision as to payment of taxes has no application to the acquisition of an easement which is merely appurtenant to the dominant estate and is not taxable separate and apart from it. In *Silva* v. *Hawn,* 10 Cal. App. 544–551 [102 Pac. 952], the court held that the law does not require an easement to be assessed.

We are of the opinion that the evidence supports the findings of the trial court that the driveway was used by the respondents and their grantors for more than the statutory period under a claim of right to such use, and that it was not permissive; that the owners of lot 48 made no objection to such use until after the period of limitation had expired, and that the finding of the court that appellants on or about the 1st of August, 1930, did tear up and remove a portion of the driveway; did threaten to close same and thereby to interfere with and obstruct respondents' said right of way and easement is also supported by substantial evidence.

The judgment is affirmed.

Cashin, J., and Knight, Acting P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1933.