[No. 26613. Department Two. August 23, 1937.]

ED LONG et al., Respondents, v. WILLIAM H. LEONARD et al., Appellants.[1]

[1]Reported in 71 P. (2d) 1.

G. W. *Jewett* (*Cox, Ware & Stellmon,* of counsel), for appellants.

W. G. *Coleman* (*Cameron Sherwood,* of counsel), for respondents.

BEALS, J.—Plaintiffs instituted this action for the purpose of obtaining a decree enjoining defendants from obstructing a road across defendants' land, which road plaintiffs and their predecessors in interest had used for many years. It is plaintiffs' contention that, by prescription, they have acquired the right to use the road or way in question, and cross defendants' land in going to and from their property. By their answer, defendants denied the material allegations of the complaint, and the cause proceeded to trial before the court sitting without a jury, resulting in a decree in plaintiffs' favor, enjoining defendants from interfering with plaintiffs' use of the road across defendants' land. The decree entered by the trial court required defendants to remove the obstructions which they had placed across the road and restrained defendants from interfering with plaintiffs' use thereof in the future, and continued:

"It is the order, judgment and command of this court that the defendants and each of them be restrained, and they are hereby restrained and enjoined, from interfering with the plaintiffs in the latter's use and

enjoyment of said right of way, which the plaintiffs and their successors in interest are privileged to use in the usual manner and for all purposes of ingress and egress in connection with farm operations, except that the plaintiffs will not drive loose stock over or across said right of way. That said way of ingress and egress is appurtenant to the aforesaid lands of the plaintiffs and the right is of permanent nature and runs with said land."

Gates had been installed and for many years maintained at the points where this road crosses defendants' boundary lines, and the decree evidently provides for the continued maintenance of such gates.

From this decree, defendants have appealed, contending that the court should have entered a decree in their favor, adjudging that respondents have no legal right whatsoever to cross appellants' land, and that appellants were, by reason of the facts and the law, entitled to forbid respondents the use of appellants' land for any purpose.

Respondents are the owners of, and reside upon, the northwest quarter of section twenty-eight, township fourteen north, range forty-one east, and appellants are the owners of the southeast corner of section twenty-nine of the same township. An established public highway, known as the Ping Gulch road, crosses appellants' land from east to west, at approximately the center of the quarter section. The road which is the subject matter of this action runs from the Ping Gulch road in a northeasterly direction across the north half of appellants' land, then crosses a ten-acre tract owned by a Mrs. Butler, and enters respondents' quarter section, across its west boundary, at a point near its east and west center line. This road continues northeasterly, and joins the Beckwith Grade road (often referred to as the Rice's Bar road) on the easterly line of section twenty-eight. This

latter road runs north and south, and then south-westerly, to a junction with the Ping Gulch road.

Respondents' land was homesteaded by Susan Banning at least as early as 1884, when most of the land in the vicinity was open and unfenced. The country is quite hilly, rendering the establishment of roads along section or other boundary lines difficult and expensive, and the early roads or trails naturally followed the easiest available grades. Respondents' property has rested only in two ownerships—that of Mrs. Banning, and respondents. H. T. Banning, Mrs. Banning's son, occupied the property for a time.

The trial court filed a memorandum opinion, including formal findings of fact, followed by the statement of the evidence which formed the basis for the findings. The court referred to the road here in question as the Banning road, and found that the same

" . . . was an open road used generally by the public from prior to the year 1878 until about the year 1883 or 4, at which time Mrs. Banning, the then owner of said northwest quarter of said section 28, placed a gate across the same north of the north line of said southeast quarter of said section 29, owned by the defendants; that a few years later a Mr. Ping, who had some interest in the said southeast quarter of said section 29, placed a gate across said road at its juncture with the Ping Gulch road in said southeast quarter; that continuously from the time said gates were put across said road it has been used by plaintiffs and their predecessors in interest for ingress and egress to and from the home of plaintiffs in said northwest quarter of said section 28."

The court further found that, during certain seasons of the year, the Banning road from respondents' home on to the Beckwith Grade road and the latter road are impassable, and that travel from respondents' home over these roads is impossible

" . . . for periods of several months during the winter season; that the section of the Banning road running northerly and easterly from plaintiffs' home to its juncture with the Rice's Bar or Beckwith Grade road has not been used by plaintiffs and their predecessors in interest for a period of over forty years other than for the purpose of hauling their wheat to the warehouse on the Snake River; that this section of the Banning road running northerly is not an open highway, but is enclosed, as is the section of the Banning road involved in this action;

"That the only means of ingress to and egress from plaintiffs' home continuously during said years has been over and across that part of the Banning road involved in this action and it has been so used openly, notoriously, continuously and adversely by plaintiffs and their predecessors in interest for all general farm purposes from prior to the year 1878 until the present time; that said use during all of said time has been with the knowledge and acquiescence of defendants and their predecessors in interest, and said use has been continuous and has never been interfered with except as interfered with by the defendants as hereinafter stated."

The court also found that, prior to the railway grant covering appellants' quarter section, the Banning road was an open, public highway, in general use by the public, and generally used by four or five landowners living to the north thereof; that appellants' land now is, and always has been, bunch grass land, and has never been cultivated; that the Banning road, as it crosses respondents' land, has never shifted its course other than some slight variations; that a gate was first constructed on this roadway at its entrance to the Banning land (now respondents') about the year 1885, and that sometime thereafter and many years prior to the time appellants acquired their property, a gate was constructed on the Banning road at the point of its entrance to the Ping Gulch road. The court also expressly found that appellants

" . . . have had full knowledge of the use of said road as herein stated, recognized said use of said road and never, by word or act, asserted a right to interfere with, or prevent, the use thereof until on or about the 26th day of March, 1929;"

that the Banning road is not classified by Garfield county as a public road, but that in the deed from the patentee of appellants' land, there was inserted the following provision:

"The lands hereby granted being subject, however, to an easement in the public for any public road or roads heretofore laid out or established and now existing over and across any part of said described land."

Appellants contend that the trial court erred in overruling their demurrer to the amended complaint, contending that the complaint failed to state a cause of action, because it shows that respondents' land and that owned by appellants are not adjoining tracts, and contains no allegation to the effect that respondents have the right to cross other lands so that they may reach appellants' property.

Appellants' demurrer upon the ground referred to was properly overruled. Appellants might have pleaded in their answer the situation upon which they now rely, or facts showing that respondents had no right to reach appellants' land, but respondents' amended complaint was not obnoxious to a demurrer. As to whether or not the facts which we suggest appellants might have pleaded would have stated a defense, either in fact or in law, we, of course, express no opinion.

Appellants next contend that the court erred in denying their motion to require respondents to elect whether, on the one hand, they would contend that the right of way which they were seeking to establish across appellants' land was a public highway, or, on

the other hand, that they were entitled to establish by decree and maintain a private way. Appellants concede that a complaint might be framed on the double theory of establishing either a public highway or a private way of prescription.

Examination of the pleadings, findings and decree discloses no error available to appellants under this assignment. The decree does not establish a public road across appellants' property. It goes no further than to open the roadway "so as to serve the plaintiffs (respondents) as a means of ingress and egress for their farm lands," establishing a right of way as appurtenant to respondents' property and as a right running with the land. Respondents' rights are determined by the decree, not by the court's memorandum opinion. If the decree is supported by the evidence, it should be affirmed. The fact that the findings might support a broader decree is immaterial.

█ Appellants' other assignments of error go to the merits of the case on the facts and the law applicable thereto, and will be discussed together.

Appellants rely upon the doctrine that

"A prescriptive right acquired by one is determinative of a corresponding loss or forfeiture of right by another, and, as forfeitures are not favored, it is absolutely essential that all of the elements necessary to constitute a permanent valid claim by adverse user, amounting to a prescriptive right should be shown to be present." *Downie v. Renton*, 162 Wash. 181, 298 Pac. 454.

It is also the rule, as appellants contend, that prescriptive rights do not enjoy the particular favor of the law, and that the burden of proving the existence of such a right rests upon the person who benefits by its establishment, and that it is presumed that "one who enters into the possession of the property of another enters with the permission of the true owner, and

holds in subordination to his title." *Peoples Savings Bank v. Bufford*, 90 Wash. 204, 155 Pac. 1068.

Appellants strongly rely upon the case of *Scheller v. Pierce County*, 55 Wash. 298, 104 Pac. 277, in which it was stated that, while a highway may exist by prescription in this state,

". . . at the same time all the essential elements of adverse possession must be present. The possession or use must be open, notorious, continuous, and adverse."

Appellants also contend that the opinion of this court in the case of *Schulenbarger v. Johnstone*, 64 Wash. 202, 116 Pac. 843, 35 L. R. A. (N. S.) 941, is decisive in their favor on the questions here presented. In that case, the plaintiff sued to restrain the defendants from interfering with his use of a roadway leading to a public highway and which crossed defendants' land through bars and gates. The lands in question were settled about 1885, but were not fenced until approximately ten years later. The first settlers traveled at will to and from the main road, following three or four different routes. After the land was fenced, plaintiff and his grantors passed through bars or gates as from time to time maintained. It appeared that the right of way was changed several times, on one occasion after express permission by defendants. The court noted that such an easement as the plaintiff sought to establish might be acquired by prescription, citing *Wasmund v. Harm*, 36 Wash. 170, 78 Pac. 777, and *Van De Vanter v. Flaherty*, 37 Wash. 218, 79 Pac. 794, and stated that, under the doctrine of those cases, one asserting a right of way must show continuous, uninterrupted and adverse use over a uniform route, with knowledge of the owner, and during a time when he was able in law to assert and enforce his rights. The court held that the plaintiff's contention that the

use of the way was hostile or adverse was not sustained, and also that the way had never been so fixed or defined as to raise a presumption of grant against defendants, and that the way had always been maintained merely as a way of convenience.

In the case at bar, certain essential elements referred to by the court in the case last cited are clearly present. The use of the road here in question by respondents and their grantors has been continuous and uninterrupted. Appellants and their grantors have had full knowledge of the use, and have been at all times able in law to assert and enforce their rights. While appellants argue to the contrary, we are of the opinion that the evidence shows that the travel over appellants' land has followed a uniform route. The variation in the right of way has been slight, as found by the trial court, and in our opinion such variations as are disclosed by the evidence are negligible, and not, as this court concluded in the *Schulenbarger* case, such as to affect or change the rights of the parties.

The serious question in this case, as in the *Schulenbarger* case, is: Was the use of the right of way adverse to the owner of the land over which the way is claimed? In the case cited, this court was of the opinion that the evidence showed "no more than the usual accommodation between neighbors that marked the settlement of the public domain."

Appellants rely upon authorities to the effect that, if the use of a right of way is permissive in its inception, such use will continue until the use of a different nature is clearly established.

In most cases similar to this, the difficulty is not so much in determining the basic rules of law as in applying those rules to the facts of the particular case. During all the years of their ownership, appellants have paid taxes on the entire tract of land over which lies

the way here in question. They rely upon the fact that respondents consulted appellants about a change in the location of a small portion of the road, and they also argue that respondents' acceptance of the restricted use of the right of way indicates recognition on respondents' part of the fact that the use was permissive only. It is admitted that respondents' deed contains no exception of a right of way over the land conveyed to them in favor of the owner of the Butler tract, nor does it purport to convey any appurtenant easement over the Butler lands or over the tract owned by appellants.

Mr. H. T. Banning, son of Susan Banning, at the age of eighty-four years, testified by deposition at his home in California, and appellants rely strongly upon a portion of his testimony, and contend that the trial court refused to give proper consideration thereto. Appellants vigorously argue that Mr. Banning's testimony, which was given in answer to written interrogatories and cross-interrogatories, indicates that, in his day, the use of the right of way was regarded as merely permissive. The trial court, in its memorandum opinion, discussed Mr. Banning's testimony, and after careful consideration, we are of the opinion that the court gave to Mr. Banning's deposition adequate consideration.

Farm buildings have existed on respondents' property for over forty years, and since 1878, or shortly thereafter, the Banning road has been used continuously and without interruption by persons having occasion to follow its course. Since the occupation of respondents' land, those in possession thereof have used the road almost exclusively for leaving and entering their property. For more than ten years prior to the institution of this action, respondents' mail box stood at the intersection of the Banning and the Ping Gulch roads. During the winter months, it often

happens that respondents' only usable road is that across appellants' land.

Respondents rely upon the early case of *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777, and the facts are indeed very similar to those here presented. In the course of the opinion, referring to the installation of some gates across the right of way sought to be established by prescription, this court, after noting certain disputes in the evidence, said:

"At any rate, there was no interruption of, or attempt to interrupt respondents' use of, the way, and this, to our minds, is strong evidence that the parties thought that the way was being used as a matter of right, rather than as a matter of grace."

In the case of *Lechman v. Mills,* 46 Wash. 624, 91 Pac. 11, 13 L. R. A. (N. S.) 990, this court, in upholding a prescriptive right to maintain a canal, referring to an *uninterrupted* use of the canal for more than twenty-five years, held that, under the facts shown, including, it was contended, an oral grant by a former occupant, the use "must now be presumed to have been adverse, unless it is explained to have been otherwise."

A prescriptive right to maintain a private right of way was upheld in the case of *Hendrickson v. Sund,* 105 Wash. 406, 177 Pac. 808, it appearing that the plaintiff and his predecessors in interest had constructed the road and used the same without interruption for a period of more than thirty years. It was noted that, when the road was originally constructed, the owner of the land across which the same ran made no objection, but acquiesced in what was done. In the course of the opinion, the court said:

"We are of the opinion that the evidence does not disclose that the right to use the road was a mere license or a temporary permissive right. It shows that the right was given, as a matter of course, for an in-

definite use by the respondent, and, therefore, when he had used the road for the required length of time, he acquired a prescriptive right, notwithstanding the fact that the owner of the servient estate and others who desired to go upon the road also used it."

A prescriptive right to the maintenance of a drainage ditch was upheld in the case of *Ochfen v. Kominsky*, 121 Wash. 60, 207 Pac. 1050. The court cited its earlier opinion in the case of *Berryman v. East Hoquiam Boom & Logging Co.*, 68 Wash. 657, 124 Pac. 130, in which the following text from Gould on Waters (3d ed.), p. 644, was relied upon:

"If the use of the easement for twenty years is unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription."

In 9 R. C. L., page 781, title "Easements," § 39, the majority rule is stated as follows:

"The prevailing rule is that where the claimant has shown an open, visible, continuous, and unmolested use of land for the period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, so as to place upon the owner of the servient estate, in order to avoid the acquisition of an easement by prescription, the burden of rebutting this presumption by showing that the use was permissive."

Among many cases cited to support the principle laid down, is the Washington case of *Lechman v. Mills, supra*.

We do not go so far as to determine this controversy upon the principle stated in the text last cited. We hold that it sufficiently appears from the evidence, as found by the trial court, that respondents' claim to use the Banning road across appellants' land was adverse to appellants and supports the decree entered.

The extensive, continuous, and uninterrupted use

of the road for such a very long period of time must be given weight in deciding the issues presented.

The maintenance of gates, under such circumstances as appear here, is perfectly consistent with assertion of a claim to use a road by opening and closing the gates. That is an entirely reasonable and natural limitation on the use of a private way, although it might well be considered inconsistent with the use of a public highway.

The trial court carefully considered the evidence and stated its views at length in the memorandum opinion and in the findings included therein. It is true here, as was said in the opinion in the case of *Wasmund v. Harm, supra,* that "whether the use was adverse to the owners, or permissive, only, is the sole question on which there is any real dispute," and in this case, as in that, we agree that the weight of the evidence is with the findings of the trial court, in favor of the establishment of the prescriptive right.

We hold that the decree which the trial court entered is supported by the preponderance of the evidence, and the same is accordingly affirmed.

STEINERT, C. J., MAIN, and ROBINSON, JJ., concur.

HOLCOMB, J., concurs in the result.