Per Curiam.

When this cause was before us after the former, trial, we decided, upon the testimony of Mr.' Williams, which was-all the evidence then in the case, that Frank Duncan, the pauper, was not a slave. When the bill of sale, under which Williams held-him, was found, we granted a new trial to the plaintiffs.
At this last trial, the defendants have objected to the admission of the bill of sale in evidence, because its execution was not proved by witnesses. But the instrument was more than forty years old, and, as an ancient deed, was properly submitted to the jury. It is an established rule of evidence, and often recognized, that a deed more than thirty years old may be given in evidence, without proof of its execution, when found in the possession of the party claim ing under it, and the possession of the thing conveyed has followed the conveyance. (5) , (a)
*226 The authority of Bott to execute the bill of sale has also been questioned. But a less formal authority was sufficient for the sale of a personal chattel, as a slave must be considered to be, than for the conveyence of real estate; and after more than thirty years’ undisturbed possession even of real property, we should think it too late to question the authority of the agent who had undertaken to convey it. The property of a personal chattel may pass by delivery without deed, and even without writing. In this case, Bott bad sufficient authority from Firmin, the owner, in a letter requesting Bott to sell the slave, or to find another master for him.
It has also been argued that the bill of sale, if its execution had been legally proved, had not the effect to convey the property in the slave. But it appears to have been a full and absolute transfer of the slave for * his life. Williams’s scruples, as to the right of holding a fellow-creature in bondage, made no difference in the character of his property; nor did his intentions to emancipate him, or his promise to that effect, or his final execution of that intent, in any wise affect the nature of his purchase. No contract made with the slave was binding on the master; for the slave could have maintained no action against him, had he failed to fulfil his promise, which was an undertaking merely voluntary on his part. While Frank continued in Williams’s service he was to every intent his slave. He had a legal right to keep him in service for life ; and in case of his sickness or inability to labor, his master must have supported him at his own expense.

Judgment on the verdict.

 Bull. N. P. 255.

 [Doe vs. Burdett, 4 Ad. & E. 19.—Phil, & A. 650—652. — Ed. ]