Parker, C. J.
The plaintiffs cannot prevail, unless Lucy Goman derived a settlement in Westfield from her parents, who had their settlement in that town derivatively from Bancroft, whose slaves they were. Now, it has been before settled that slaves did not communicate civil relations of any sort to their children (1). [f the *65 child was bom a slave, its settlement was direct from the master, whose property it would be ; if born free, it could inherit neither disabilities nor privileges from its parents.
By the colonial law of 1646, no bond slavery could exist, except in the case of lawful captives taken in just war, or such as willingly sold themselves, or were sold to the inhabitants (2). Of course, the children of those who in fact were, or who were reputed to be, slaves, not coming within the description, could not be held as slaves. And in the year 1796, it was solemnly and unanimously decided by the Court, that the issue of slaves, although *born be- [ * 76 ] fore the adoption of the constitution, were born free (3).
Lucy, the pauper, then, did not derive a settlement in Westfield from her parents, nor from their master ; nor did she acquire one by birth, that not giving a settlement at the time she was born. She must therefore be filia reipublicce, never having gained a settlement in any other town in the commonwealth; and the issue of her marriage, the other pauper, is in like condition, never having derived a settlement from his parents or acquired one himself (4).

Plaintiffs nonsuit.

 13 Mass. Rep 547, Andover vs. Canton

 Vide Ancient Charters, &c. 52.

 4 Mass. Rep. 128, note. Littleton vs. Tuttle.

'(4) [Littleton vs. Tuttle, 4 Mass. 128.—Andover vs. Canton, 13 Mass. 547.—Winchen don vs. Hadfield, 4 Mass. 123.—Springfield vs. Wilbraham, 4 Mass. 496.—Dighton vs. Freetown, 4 Mass. 539.—Stochbridge vs. Stockbridge, 14 Mass. 257.—Ed.]