## Jotham Crane *vs.* Enoch S. Marshall.

A deed forty years old at the time of the trial, which was in the possession of the party claiming under it, and where the possession of the land had followed the deed, is admissible in evidence without proof of its execution.

The declarations of one setting up a title by disseizin that he held in subordination to the title of the owner, are admissible in evidence.

But his declarations to a stranger to the title, that he held adversely to the owner, are not admissible in evidence to prove a disseizin.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

This was a petition for partition, wherein the petitioner claimed a moiety of the premises under a deed to him from *Reuben Smith,* dated *Oct.* 2, 1835 ; and to prove his title, offered in evidence a deed from *Peter Sanborn* to *Enoch Smith,* father of *Reuben* and *Samuel Smith,* of this and other land, dated *Nov.* 12, 1794, and recorded *Oct.* 20, 1814. The respondent required proof of this deed, but the Judge admitted it without proof. *Enoch Smith* died in 1819, leaving *Reuben* and *Samuel* his only heirs. The respondent claims under a deed from *Samuel Smith's* administrator, the same having been sold on license for the payment of debts, *Oct.* 29, 1835. The respondent set up a title by disseizin, and proved that *Enoch Smith* lived in *New-Hampshire, Reuben Smith* in *Readfield,* at the distance of several miles, and that *Samuel,* living

adjoining to this, had occupied it, and paid taxes therefor; and that as early as 1812 had enclosed the same with a fence, and had retained the possession until his death in 1833. A division was made between *Reuben* and *Samuel* of real estate, which descended to them as heirs of *Enoch Smith*, after his death in 1819, a part of which was contiguous to this and separated only by a road; and at this time *Samuel Smith* said, that the premises were in the form of a heater, and difficult to divide, and that he intended to buy out his brother *Reuben's* share therein. The petitioner also proved, that in 1825, the witness was employed as a surveyor jointly by *Reuben* and *Samuel Smith* and jointly paid by them to run out the division lines where the estate had been divided; that *Samuel* then told him they had not divided this land; that it was difficult to divide it; that he intended to buy out *Reuben;* and that was the reason why it had not been divided. The respondent objected to the admission of the declarations of *Samuel*, but the objection was overruled. The respondent then offered to prove other declarations of *Samuel Smith*, made at different times while he had the possession, that he claimed the premises in his own right, and denied that *Reuben* had any interest therein; but did not propose to prove, that *Reuben* had any knowledge thereof. The Judge refused to admit the evidence, and the respondent filed exceptions.

*Wells*, for the respondent.

The deed from *Sanborn* to *Enoch Smith* should not have been admitted without proof, as the possession did not accompany the deed. 3 *Johns. R.* 298; 1 *Stark. Ev.* 344, note and cases cited; 9 *Johns. R.* 169; *Stockbridge* v. *West Stockbridge*, 14 *Mass. R.* 261; *Tolman* v. *Emerson*, 4 *Pick.* 160. The facts show a disseizin. *Small* v. *Proctor*, 14 *Mass. R.* 498. The declarations of *Samuel Smith* were erroneously admitted. *Van Deusen* v. *Turner*, 12 *Pick.* 532; *Dana* v. *Newhall*, 13 *Mass. R.* 498; *Clark* v. *Waite*, 12 *Mass. R.* 439; 9 *Johns. R.* 61; 10 *Conn. R.* 13. But if the petitioner may give these declarations in evidence, then surely such of his declarations as were offered to be proved by the respondent, ought not to have been excluded. The jury should, on the whole evidence of his declarations, have settled, whether here was a disseizin or not. *Kinsell* v. *Daggett*, 2 *Fairf.* 309; *Cummings* v. *Wyman*, 10 *Mass. R.* 464; *Knox* v. *Sillo-*

*way,* 1 *Fairf.* 211; *Shumway* v. *Holbrook,* 1 *Pick.* 114; *Fisher* v. *Prosser, Cowper,* 217.

*Emmons,* for the petitioner.

The deed was properly admitted without proof after the lapse of thirty years. *Stockbridge* v. *West Stockbridge,* 14 *Mass. R.* 257; 1 *Stark. Ev.* 344. The deed of *Sanborn* gave *Enoch Smith* a seizin of the land. *Ward* v. *Fuller,* 15 *Pick.* 190. *Samuel Smith* entered under his father's title, and his co-tenant could not be disseized by him. *Barnard* v. *Pope,* 14 *Mass. R.* 434. The declarations of *Samuel Smith* were clearly admissible. *West Cambridge* v. *Lexington,* 2 *Pick.* 536; *Church* v. *Burghardt,* 8 *Pick.* 328; *Alden* v. *Gilmore,* 13 *Maine R.* 178. His declarations in his own favor were rightly excluded. *Carter* v. *Gregory,* 8 *Pick.* 168.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — The deed from *Peter Sanborn,* conveying the premises to *Enoch Smith,* was admissible without proof. It was more than forty years old at the time of the trial, was in the possession of the party claiming under it, and the possession of the land had followed the deed. *Stockbridge* v. *West Stockbridge,* 14 *Mass. R.* 257; *Buller's N. P.* 255; 1 *Stark.* 343.

*Samuel Smith,* the son of *Enoch,* went into the occupation of the premises, after the date of this deed. There can be no doubt from the evidence, that *Samuel* went into possession under his father, and enjoyed the land by his permission ; for in 1819 and in 1825, he recognized it as a part of the inheritance which descended to him and his brother *Reuben.*

The declarations, which proved that he held in subordination to the title of his father, are clearly admissible. *West Cambridge* v. *Lexington,* 2 *Pick.* 536; *Church* v. *Burghardt,* 8 *Pick.* 327; *Alden et ux.* v. *Gilmore,* 13 *Maine R.* 178. They prove, that he was the tenant at will of his father, from the time he went into possession, until the death of the father, and they further prove, that he continued afterwards to occupy, as a tenant in common with *Reuben.* His occupancy of the whole, and within fences, was entirely consistent with the title, under which the petitioner

claims.   As to his declarations of an adverse title, a tenant is not permitted to set up his possession as a disseizin of his lessor, except at his election.

Having regard to the origin of his possession, and the circumstances, under which it was continued, his declaration to others could not have the effect to oust his co-tenant, whose title he had repeatedly acknowledged.   It does not appear, that he had notice of any adverse claim, nor was there any thing in the nature of his occupancy, calculated to put him upon his guard.   The facts bear a near resemblance to the case last cited, in which an attempt thus to convert a tenancy at will into a disseizin, was not suffered to be successful.   The tenant has succeeded to the title of *Samuel Smith* his father, which was a tenancy in common.   He has continued the occupancy of his father; and we perceive nothing in the case, which could give or secure to him a greater interest.

*Exceptions overruled.*