ARTHUR S. PHILLIPS & others *vs.* WATUPPA RESERVOIR COMPANY.

Bristol.    October 27, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Corporation,* Powers.  *Deed,* Construction.  *Easement,* By prescription.  *Evidence,* Best and secondary.

By St. 1826, c. 31, incorporating the Watuppa Reservoir Company, that company was authorized " to make reserves of water in the Watuppa Ponds, so called, by erecting a dam across the outlet of said ponds, in the town of Troy ", so as to raise the water in the ponds to a specified height, and to acquire and hold real estate for this purpose, by purchase or otherwise.  The company erected a dam in the town of Troy across the Fall River, which is the outlet of the Watuppa Ponds.  Some of the land between the dam and the ponds was then in the State of Rhode Island, and the corporation by deed and prescription claimed the right to flow it.  *Held,* that the company by its charter had the right to raise the waters not only of the ponds but of the river below for a reasonable distance, and that the fact that the land between the dam and the ponds was in another State did not make the conduct of the corporation *ultra vires.*

A conveyance by deed, to a corporation authorized to maintain a reservoir, of the right " to flow and overflow " the grantor's land described in the deed, grants by implication the right to have the land left as a part of the reservoir to be filled with water.

Where a right by prescription to flow certain land is claimed by a corporation, authorized to maintain a reservoir, founded on an open continuous adverse use of the land for flowing for more than seventy-five years, a deed to the corporation

from a former owner of the land, which for want of proper recording was not effectual to pass a title except between the parties to it, purporting to convey the right "to flow and overflow" the land, is admissible in evidence to show the nature of the use, in reference to the right claimed to be exercised in keeping water on the premises.

Where secondary evidence is admissible of a lost deed executed in 1827, conveying land then in the State of Rhode Island, a copy of the deed from a registry in this Commonwealth, where it was recorded by mistake in 1828, may be admitted in connection with other facts as evidence of the execution and delivery of the deed, the registry in which the deed was recorded having become by a statute of 1862 the place where the record of all deeds of the land in question should be found.

PETITION, filed November 14, 1901, in the Court of Registration, to register the title of the petitioners as tenants in common of a tract of land which before St. 1861, c. 187, was a part of Tiverton in the State of Rhode Island, on the Quequechan or Fall River, between the Watuppa Ponds and the dam of the respondent, in that part of the city of Fall River which formerly was the town of Troy.

In the Court of Registration *Davis*, J. made a decree ordering registration of the petitioners' title subject to the easement claimed by the respondent. The petitioners Phillips and Slade alleged exceptions, raising the questions stated by the court.

*A. S. Phillips*, for the petitioners.

*A. J. Jennings & I. Brayton*, for the respondent.

KNOWLTON, C. J. This is a petition by three tenants in common to register their title to a tract of land on the river between Watuppa Ponds and the dam of the respondent in Fall River. The Court of Registration found and ruled that the land is subject to an easement in favor of the respondent to flow the property to a specified depth, which easement precludes filling the land by the owners of the soil. A decree for the petitioners was entered, subject to this easement, and the petitioners excepted to certain rulings and refusals to rule touching the existence and nature of the easement. The petitioner Jennings disclaimed any right to deny the existence of the easement, and the exceptions are prosecuted by the other two petitioners alone.

The questions are raised under the St. 1826, c. 31, in reference to the acts of the respondent as a corporation. By this statute the Watuppa Reservoir Company was incorporated " for the purpose of constructing a reservoir of water in the Watuppa Ponds, so called, . . . for the benefit of the manufacturing establish-

ments, on Fall River." It is given " power to make reserves of water in the Watuppa Ponds, so called, by erecting a dam across the outlet of said ponds, in the town of Troy," so as to raise the water in the ponds to a specified height, and is authorized to acquire and hold real estate for this purpose, by purchase or otherwise. There is also a provision for the recovery of damages by persons injured by the flowing. The town of Troy is now a part of the city of Fall River. In the year 1827 the respondent erected a dam on the river in the town of Troy at a little distance from the nearest pond, and has maintained it ever since. The petitioners' land is a swamp lying along the river between the dam and the pond, and until the entry of the decree of the Supreme Court of the United States in December, 1861, which established a new boundary line between Massachusetts and Rhode Island, it was in the State of Rhode Island. In a part of the land the respondent claims an easement under a deed which it received from one Currier on September 1, 1827, which was duly recorded and which conveyed a perpetual " right to flow or overflow " so much of the lot described as may be flowed by raising the water of the Watuppa Ponds to a stated height. In the remainder of the land the respondent claims a similar right by prescription. Since the erection of the dam in 1827, the respondent has maintained it continually, and has thereby flowed the lands during the greater part of every year to the height prescribed by the deed. The land over which the right is claimed by prescription is included in another deed from one Dwelly to the respondent, dated September 14, 1827, which was duly executed and delivered, but which, instead of being recorded in the proper registry in Rhode Island, was recorded by mistake on March 25, 1828, in the registry of deeds for Bristol County. In 1862, after this land had become a part of Massachusetts, a transcript of the records of that part of the town of Tiverton, Rhode Island, to which the land had previously belonged, was filed in the registry of deeds for Bristol County, and a person searching the records for conveyances in this part of Fall River previously to that date would examine this transcript instead of the earlier records in Bristol County. The petitioners contend that the acquisition of a title to the easement in this land by this respondent under the deed or by prescription, was

*ultra vires*, because the corporation was authorized to raise the waters of Watuppa Ponds and not the waters of the river below, and because the land was not then in the Commonwealth of Massachusetts. We are of opinion that this contention is without foundation. The corporation was authorized to erect a dam " across the outlet of said ponds, in the town of Troy." The river was the outlet of the ponds and the dam was erected in the town of Troy. The precise point on the river at which the dam should be erected, was not fixed by the statute. The distance of the dam from the pond is not stated in the bill of exceptions, but there is nothing to show that it was unreasonably great for the construction of a reservoir of water in the ponds, under authority of the statute. The fact that the land between the dam and the pond was in another State, did not make the conduct of the corporation *ultra vires*, so long as the corporation did nothing in violation of the law of that State. *Kennebec Co.* v. *Augusta Ins. & Banking Co.* 6 Gray, 204, 208. Moreover, the conduct of the respondent in this particular has been considered by the court in previous cases and treated as within the authority of its charter. *Watuppa Reservoir Co.* v. *Mackenzie*, 132 Mass. 71. *Watuppa Reservoir Co.* v. *Fall River*, 134 Mass. 267, 271.

The petitioners contend that the deed from Currier was not a conveyance of an easement, but the release of damages for the exercise of a right to maintain a dam without interference with the right of the grantor at any time to fill his land, like damages which may be recovered under the mill act. See *Lowell* v. *Boston*, 111 Mass. 454, 466. But the language of the deed contradicts this contention. The deed conveys a right " to flow and overflow ", and this, taken in connection with the purpose of the respondent to maintain the reservoir as shown by the statute under which it was acting, implies a right under the deed to have the land left as a part of the reservoir to be filled with water. This was expressly adjudicated in reference to another deed of similar language in *Watuppa Reservoir Co.* v. *Mackenzie*, 132 Mass. 71. See also *Boston & Roxbury Mill Corp.* v. *Newman*, 12 Pick. 467, 482; *Commonwealth* v. *Roxbury*, 9 Gray, 451, 500. This right is an easement in the land which precludes filling by the owner to exclude the water.

The right claimed by prescription results from an open, continuous adverse use of the land by flowing for more than seventy-five years. The deed from Dwelly, whose language descriptive of the right conveyed is almost identical with that of the deed from Currier, shows that the right claimed and which must have been known by the grantor to be claimed by the respondent in connection with the flowing, was a right to flow and overflow for the purpose of maintaining a reservoir of water, and not merely a right to maintain a dam to set back water which the landowner might exclude from his premises by filling them. The deed, although for want of proper recording not effectual to pass a title except as between the parties to it, is evidence of the nature of the use in reference to the right claimed to be exercised in keeping water on the premises, and the principle applicable to the title held under Currier's deed is applicable to this holding by which a prescriptive right was gained. See *Watuppa Reservoir Co.* v. *Mackenzie, ubi supra.*

The remaining exception relates to the admission of the Dwelly deed in evidence. After referring to the deed from Currier, the petitioners' bill of exceptions states as a fact which was not controverted, the following, namely: "September 14, 1827, Jeremiah Dwelly, the then owner of the Dwelly lot, granted, or attempted to grant, to the respondent company the right to flow his portion of the locus by a deed which was never recorded in Rhode Island, but was recorded March 25, 1828, by mistake, with Bristol County, Northern District, deeds. A copy of each deed is hereto annexed and made a part of these exceptions." The respondent being unable to find the original Dwelly deed, a copy of the registry record of it was admitted against the petitioners' objection and exception.

It is difficult to see how the admission of the copy harmed the petitioners or added anything to the uncontroverted fact above stated. But if we assume that the fact was proved by the evidence admitted under exception, we are of opinion that there was no error. The original deed having been lost, secondary evidence was admissible to prove it. The copy was from an ancient official record. Such a record showing such a deed is good evidence of the existence of the deed when it was recorded. If this registry were the place then prescribed by law for re-

cording the deed, the proof would be perfect. By the transfer of the land to Massachusetts it has become the place where the record of all deeds of the lands transferred should be found. St. 1862, c. 48, § 11. Although the recording in this case was not effectual, we are of opinion that the existence of such an ancient record may be shown in connection with other facts as evidence of the execution and delivery of the deed. An ancient deed, if found where such a deed might be expected to be found, and if the possession has been in conformity with it, is admissible in evidence without proof of its execution. *Stockbridge* v. *West Stockbridge*, 14 Mass. 257. *Green* v. *Chelsea*, 24 Pick. 71. When secondary evidence is admissible to establish a title, the law of this Commonwealth is very liberal in allowing the introduction of ancient records as well as ancient deeds. *Stetson* v. *Gulliver*, 2 Cush. 494. *King* v. *Little*, 1 Cush. 436. *Chenery* v. *Waltham*, 8 Cush. 327. *Palmer* v. *Stevens*, 11 Cush. 147, 152. *Rust* v. *Boston Mill Corp.* 6 Pick. 158, 165.

*Exceptions overruled.*