[No. 27957.   Department One.   August 8, 1940.]

THOMAS B. HUGHES *et al., Respondents,* v. PERRY W. BOYER *et al., Appellants.*[1]

[1]Reported in 104 P. (2d) 760.

*Robert A. Devers,* for appellants.

*Padden & Moriarty* and *Melvin T. Swanson,* for respondents.

MILLARD, J.—Tract 5, Pettit's Lake Washington Acre Tracts, in King county, was acquired by William L. Feely and wife in 1916. This was "cut over" land grown up in brush and small timber. Feely built a cottage on the property and cut a roadway through tract 4 during that year. He never obtained the consent of any one to cut the roadway or to use it. In 1918, he built another house on his tract and continued using the same easement roadway. He lived there continuously until he sold the property to Thomas B. Hughes, September 8, 1924. Feely's deed to Hughes describes the easement as follows:

"And an easement for ingress and egress over and across the north fifty feet of Tract four of Pettit's Lake Washington Acre Tracts, lying west of said Bothel Road from said Bothel Road to the above described property and being along a driveway now existing thereon."

Charles B. Hutchins and wife owned tract 4, which is immediately south of tract 5, owned by Hughes, of the same addition. The two tracts adjoin, except that an intervening strip was dedicated between the two tracts in the plat of the addition filed in the year 1904 as East 153rd street. This street has never been open for public use, but a portion was used by Hutchins for a garden. It has never been a means during the entire year of access to tract 5.

January 21, 1927, Hutchins and wife conveyed tract 4 by deed to R. Winkelman which deed contained the following reservation:

"This deed is given subject to easement for right of way purposes over northerly 50 feet of said premises,

as granted by instrument bearing Auditor's File No. 1918494, records of King County."

September 23, 1937, R. Winkelman and wife conveyed tract 4 to Alma Kittilsby Boyer, which deed contained the following reservation:

"Subject to easement for ingress and egress over said premises, granted by Mabel Devin Feely and William L. Feely, her husband, to Thomas B. Hughes, constructive notice of which is given by deed dated September 8, 1924, in volume 1251 of deeds, page 106, under auditor's file No. 1918494, records of said county."

On March 15, 1939, a quitclaim deed was executed by Charles B. Hutchins and wife to Thomas B. Hughes, which quitclaims to Hughes any interest the grantors may have retained in the easement. It will be recalled that Hutchins and wife owned tract 4 at the time the easement came into being and were the first predecessors in Boyers' title to reserve the easement in a conveyance.

Along the easterly line of tracts 4 and 5 is state highway No. 2, which is known as the Bothel highway or Bothel way. Its course is northeasterly and southwesterly.

Originating on the south line of plaintiffs' property, about one hundred and twenty feet west of the intersection of plaintiffs' boundary line with Bothel way, is a driveway or roadway which proceeds down grade in a southeasterly direction and enters Bothel way at a point about one hundred feet south of the intersection of plaintffs' south line with Bothel way. This is the easement which was cut in 1916 by Feely across the tract now owned by defendants and has been continuously used as a driveway by plaintiffs, their tenants, and their predecessors in title, for purpose of access to plaintiffs' property.

In 1938, the state decided to widen Bothel way. For

this purpose, the necessary land was acquired by deeds, instead of by condemnation. This improvement, because of the additional cut required on defendants' property, would make the roadway or easement of plaintiffs impossible of use. April 6, 1938, Perry W. Boyer and wife executed a deed by which they conveyed a portion of tract 4 to the state for highway purposes, which deed contains the following significant language:

"The grantee may reconstruct private road over and across existing location to provide access for owners of tract immediately northerly of said Tract No. 4, Pettit's Lake Washington Acre Tracts."

Indicative of the intention of the parties of preservation of the easement, the state delivered to plaintiffs a carbon copy of the foregoing deed, and plaintiffs, doubtless in reliance on the fact that consent to reconstruct the easement had been secured, gave their deed to the state of Washington, dated April 9, 1938, executed May 4, 1938, which deed contained the following reservation:

" . . . reserving to grantors the right, privilege and permit to grade and regrade driveway from said highway to grantors premises along existing location at their own expense over a portion of Tract 4, . . ."

May 3, 1938, a letter bearing the signature "Perry W. Boyer and Alma Kittilsby Boyer by Perry W. Boyer," addressed to the state director of highways, acknowledged that the privilege of reconstructing the private road over and across a portion of tract 4 had been granted, and their consent to the reconstruction of the easement is in the following language:

"We will interpose no objection for the State of Washington to turn over construction of this road to parties interested therein provided said reconstruction work is done without further encroachment of slopes

than are shown on State Highway Map 12 and provided such reconstruction work is done in a reasonable manner."

Under date of May 5, 1939, the director of highways wrote the following letter to Mr. Hughes:

"Under the terms of a deed which you granted the State of Washington, you reserved the right to reconstruct a private road across a portion of Tract 4, Pettit's Lake Washington Acre Tracts, and under the terms of a deed from Perry W. Boyer and Alma Kittilsby Boyer to the State of Washington the State was empowered to reconstruct this road across said tract. Said deeds are now of record. At the same time a letter was given you signed by Perry W. Boyer and Alma Kittilsby Boyer directed to and delivered to L. V. Murrow, Director of Highways, Olympia, Washington, granting permission to the State to delegate the reconstruction of this road.

"This letter confirms all rights heretofore delegated to you. It is understood that the reconstruction of said private road shall be solely at your expense and the responsibility of the construction shall be undertaken by you alone, without liability on the part of the undersigned or the State of Washington."

The state completed its work on Bothel way, but when plaintiffs attempted to correct the easement, defendants ejected them; whereupon, plaintiffs commenced this action, praying that their title to the easement be quieted, that they be allowed to proceed with the regrading of the easement to make it usable, and that defendants be permanently enjoined from further interference with plaintiffs' use of the easement. The cause was tried to the court, which found in favor of plaintiffs and entered decree granting to plaintiffs the relief craved. Defendants appealed.

Counsel for appellants first contend that the trial court erred in holding that the property involved is not the separate property of appellant wife. The basis

of this claim is that the property over which the claimed easement runs was acquired in the name of the wife and was placed of record by her.

Presumptively, property taken in the name of the husband or wife is community property (Rem. Rev. Stat., § 6892 [P. C. § 1433]), and the burden was imposed upon appellants to prove that the property in question was the separate property of the wife.

There is no showing that the property was purchased with the separate funds of the wife, and there is no written agreement contemplated by the statute disclosing the intention of appellants to make the property in question separate property of the wife. The evidence is conclusive that the property is community property. Appellants were married in 1919, since which time they have lived together as husband and wife. They paid cash for the property, which they purchased with the intention of establishing on it the home and the business of their marital community. All of their funds were kept in one account and none of these funds is shown to be other than community property.

Counsel for appellants next argues that the court erred in holding that the deed of appellants to the state was not altered after delivery. It is insisted that the clause quoted above in the deed, authorizing the state to reconstruct the private road over tract 4, was fraudulently inserted in the deed after its execution and delivery. They do not deny their signatures on the deed and admit that all other typewritten matter was in their deed when they executed it. It is unnecessary to further discuss this question, as there is no showing that the language in question was not in the deed at the time it was executed. Appellants' letter to the director of highways and the carbon copy of their deed delivered by the state right of way agent

to respondents' rental agent as assurance to respondents that their easement was preserved, are conclusive that the clause was in the deed when appellants executed it.

▮ Counsel for appellants argues that the roadway was used by Feely as a matter of convenience, with consent assumed and with no intention of making an adverse claim to the roadway if any one objected to his use of same; therefore, the lack of a claim of right adverse to the owner of tract 4, known to and acquiesced in by the owner of tract 4, is fatal to the claim of an easement by prescription.

To acquire an easement of right of way over the land of another by user for the required time, it is necessary to show continuous, uninterrupted, and adverse use over a uniform route with knowledge of the owner while he was able in law to assert and enforce his rights. *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777; *Long v. Leonard,* 191 Wash. 284, 71 P. (2d) 1.

"To establish an easement by prescription there must be: first, continued and uninterrupted use or enjoyment; second, identity of the thing enjoyed; third, a claim of right adverse to the owner of the soil, known to and acquiesced in by him." 9 R. C. L. 772.

Respondents did not testify. While Mr. Feely testified that he cut the road with the idea of using it "and if somebody asked me to get off I would get off," he further testified that he was using it without the consent of any one. It is not essential that there should be proof that he made oral declarations of claim of title. It is enough if the proof shows that he so acted as to indicate clearly that he did claim title to the roadway. *Non opus est verbis, credite rebus.*

If the servient owner does some act which shows that he recognizes the existence of the right to the easement, that is an item of proof which may be suf-

ficient to show that the way was used and enjoyed as a matter of right. A deed, although ineffectual, except as between the parties, to pass title, is evidence, it was held in *Phillips v. Watuppa Reservoir Co.*, 184 Mass. 404, 68 N. E. 848, of the nature of the use in reference to the right claimed to be exercised thereunder by one claiming a prescriptive title.

The several deeds described above disclose the attitude of the parties during the period the roadway was used without challenge on the part of the servient owner, who expressly recognized the existence of the right to the easement. The deed in 1924 from Feely to respondents, in which is described the easement claimed by respondents, is convincing evidence of Feely's intent respecting the roadway claimed by him. Feely's intent during the time he used the roadway is better made known by his then conduct than by his testimony at the trial of this cause that "if somebody asked me to get off I would get off." If that were true, he would not by solemn deed have claimed the easement. As stated in *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777, in which we sustained the contention of respondents that a right of way had been established by adverse user for a period of more than ten years:

"Counsel for the appellants base another objection upon the fact that the respondent who testified did not, while on the witness stand, state that his use of the way had been adverse, insisting apparently that some positive declarations are necessary in order to show the character of the use to which the way is put. But it would seem that such statements could have but little weight. Where the inquiry is as to the intent of a person at a particular time, such intent is better made known by his conduct at the time in question, than by his subsequent declarations as to what his intent then was. The examination of the respondent was directed to ascertain his intent from his conduct, and it seems to us that it matters little that he was not asked the

direct question concerning his intent while using the way."

The rule is settled that the prescriptive period for the acquisition of an easement corresponds with the local period of limitation quieting title to lands. *Wasmund v. Harm, supra.* It is apparent that the way in question has been in use by the respondents and their predecessors in interest for the full statutory period. Rem. Rev. Stat., § 785 *et seq.* The way has been in use by the respondents continuously since September 8, 1924, and by their predecessors in interest from 1916 to the date of transfer of the title to respondents. Appellants knew of the existence of the easement and made no objection to its use until after the Bothel highway was improved in 1938. They admitted that they found the roadway obvious and in use when they purchased tract 4 in 1937. Mrs. Boyer admitted that they knew the easement was there. Respondents' daughter testified that, when she moved with her parents to tract 5 in 1924, the roadway was then in existence, open and notorious and used daily as the only means of access to the property. The trial court correctly found that respondents sustained the burden of proof of a right of way by prescription across appellants' land.

■ Counsel for appellants finally contends that, in the regrading and reconstruction of the existing easement, respondents are permitted by the decree of the trial court to make a cut through appellants' land and to take additional land for widening the roadway. Of this appellants may not successfully complain. The right to regrade the existing easement was expressly granted by appellants in their deed of April 6, 1938, to the state as recited above. On May 3, 1938, appellants acknowledged that the privilege of reconstructing the easement had been granted. This was confirmed

by letter from the state highway department to respondents two days later.

In the absence of the above-recited express grant by appellants, the respondents (owners of the dominant tenement) could, under the facts before us, have re-graded the easement.

"If the condition of the surrounding property is subsequently changed by lawful authority so as to interfere with the enjoyment of the easement, he may make such alterations as will render it effectual under the new conditions." 19 C. J. 983.

The decree is affirmed.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.