IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SHERYL C. MOORE, | ) | |
| | ) | No. 34618-8-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SELECT PORTFOLIO SERVICING, | ) | UNPUBLISHED OPINION |
| INC., QUALITY LOAN SERVICE | ) | |
| CORPORATION OF WASHINGTON, a | ) | |
| Washington corporation, U.S. BANK | ) | |
| NATIONAL ASSOCIATION, as Trustee, | ) | |
| in trust for registered holders of First | ) | |
| Franklin Mortgage Loan Trust, Mortgage | ) | |
| Loan Asset-Backed Certificates, Series | ) | |
| 2007-FF2, and MORTGAGE | ) | |
| ELECTRONIC RESISTRATION | ) | |
| SYSTEMS, INC., as nominee for First | ) | |
| Franklin a division of National City Bank, | ) | |
| as Beneficiary, (or by its successor-in- | ) | |
| interest, and/or assigns, if any), | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, C.J. — In 2008, plaintiff Sheryl Moore defaulted on a 2006 loan secured

by a deed of trust on her residence. She brings this suit to declare the promissory note

and deed of trust invalid or to declare an assignment of both unenforceable. We affirm

summary judgment dismissal of Moore's suit primarily because of Moore's lack of legal citation to support her various legal theories.

## FACTS

On December 5, 2006, Sheryl Moore borrowed $242,100 from First Franklin Financial Corporation, a division of National City Bank, in order to purchase a home in Spokane. Janice King of Market Street Mortgage Corporation brokered the loan. Mitch Templeton of Spokane's Statewide Escrow handled the escrow and the closing of the loan. The Lender's Closing Instructions included the following sentence:

6. All closing documents should be executed in **BLUE INK**.

Clerk's Papers (CP) at 109 (emphasis in original).

To procure the loan, Sheryl Moore signed a promissory note for $242,100. The note allowed First Franklin to accelerate the loan in the event of a default. To provide security for the loan, Sheryl Moore signed a deed of trust encumbering her home on Ella Road, in Spokane. The deed of trust named ubiquitous Mortgage Electronic Registration Systems, Inc. (MERS), not First Franklin, as the beneficiary.

On an unidentified date, Christanna Steiger endorsed the promissory note in blank. Steiger signed below the language: "PAY TO THE ORDER OF _____ WITHOUT RECOURSE." CP at 185. Steiger inserted no name in the blank. The endorsement identified Steiger as a senior funder for the lender First Franklin, but Steiger did not expressly represent herself to be an authorized agent for First Franklin.

2

Sheryl Moore last paid First Franklin a monthly mortgage payment on February 1, 2008. Thereafter, Moore protested the terms of the loan and ceased payments. Among other complaints, Moore claimed some of the loan documents contained signatures in black ink, when the closing instructions require blue ink. She also contended that no promissory note remained in existence.

On June 11, 2008, LaSalle Bank National Association, who claimed to then hold the beneficial interest in the deed of trust, sent Moore a notice of default. LaSalle Bank National Association identified itself as Trustee for First Franklin Mortgage Loan Trust 2007-FF2, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2. The notice of default accelerated the entire debt then owed of $242,006.48. On August 19, 2009, attorney Karen Gibbon issued a Notice of Trustee's Sale for Sheryl Moore's residence.

On November 2, 2009, Sheryl Moore sued Janice King, Market Street Mortgage Corporation, First Franklin Financial Corporation, Michael Templeton, doing business as Statewide Escrow, Bank of America National Association, and MERS. LaSalle Bank National Association had purportedly recently merged with Bank of America National Association, who then held the securitized deed of trust obligation. In her complaint, Moore acknowledged that, on December 6, 2006, she borrowed funds for a mortgage transaction. Moore alleged violations of the truth in lending act, wrongful foreclosure of the deed of trust, and violations of the Washington Consumer Protection Act, chapter

3

19.86 RCW. On July 5, 2011, the trial court granted the defendants' motion for summary judgment and dismissed Sheryl Moore's claims.

On August 19, 2011, Bank of America sent an unsigned letter to Sheryl Moore advising her that Bank of America serviced the loan for LaSalle Bank National Association, the owner of the note. Moore received the letter on September 2, 2011. Despite the author of the letter referring, in the body of the letter, to himself or herself as "I," the letter does not identify the name of its author. CP at 113.

Sheryl Moore sent numerous inquiries to Bank of America regarding the loan and resolution of the loan. Bank of America failed to respond. In January 2014, Bank of America transferred its servicing rights to Sheryl Moore's loan to Select Portfolio Servicing, Inc.

In April 2014, a new entity, Quality Loan Service Corporation of Washington, appeared. Quality Loan Service Corporation conducts foreclosure sales on behalf of lenders and mortgage servicers. Quality Loan Service Corporation identified itself as the successor trustee under Sheryl Moore's deed of trust.

On April 28, 2014, Quality Loan Service Corporation of Washington initiated a nonjudicial foreclosure by issuance of a Notice of Default. A Declaration of Ownership then provided to Sheryl Moore was signed solely by the authority of Select Portfolio Servicing. Apparently Quality Loan Service Corporation aborted the foreclosure.

4

On August 5, 2014, Quality Loan Service Corporation initiated a second nonjudicial foreclosure by issuance of another Notice of Default. Select Portfolio Servicing as Attorney in Fact for the alleged beneficiary signed the Declaration of Beneficiary then provided to Sheryl Moore. On September 16, 2014, Quality Loan Service Corporation scheduled a Trustee's Sale for January 16, 2015. On October 27, 2014, Quality Loan Service Corporation rescheduled the Trustee's Sale for February 27, 2015. The sale never proceeded.

We lack knowledge of any pending deed of trust foreclosure proceeding. We wonder if Moore has resided in the encumbered residence since March 2008 without paying any debt.

## PROCEDURE

On February 13, 2015, Sheryl Moore filed this suit against Select Portfolio Servicing, Inc., Quality Loan Service Corporation of Washington, MERS, and U.S. Bank National Association, as Trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2. Moore alleges violations of the Washington Consumer Protection Act and the deed of trust act. In her complaint, Moore contends that none of the defendants are note holders entitled to foreclose the deed of trust on her residence. She alleges that the actual note holder and owner of the loan is not known and more likely the deed of trust does not secure the promissory note executed by her. According to Moore, Quality Loan Service

Corporation is not a qualified successor trustee and is without authority to conduct a foreclosure sale of her residence. Moore contends that the deed of trust encumbering her property is invalid because of irregularities surrounding the ownership of the promissory note and the deed of trust. Also, according to Moore, the running of the statute of limitations bars any foreclosure. Moore seeks damages, declaratory relief, injunctive relief against any foreclosure proceeding, and quiet title to her home.

For unknown reasons, Sheryl Moore dismissed her claims against Quality Loan Service Corporation early in this proceeding. On October 23, 2015, in response to a motion to dismiss by the remaining defendants, the trial court dismissed with prejudice Sheryl Moore's deed of trust act claims because no defendant had completed a nonjudicial foreclosure proceeding.

On March 2, 2016, U.S. Bank National Association, Select Portfolio Servicing, and MERS moved for summary judgment to dismiss Moore's remaining claims. In opposition to the summary judgment motion, Moore argued that the statute of limitations bars enforcement of the note and deed of trust, that Select Portfolio lacks possession of the original promissory note or a valid assignment thereof, that the endorsement of the original promissory note is invalid, that an entity must gain specific authority to foreclose on a deed of trust and no entity had gained such authority, that ownership of a beneficial interest in a deed of trust may not follow ownership of a deed of trust, and that the mortgage obligation was not securitized. Moore claimed an issue of fact existed that

6

precluded any defendant from foreclosing on the deed of trust. Select Portfolio Servicing responded that the installment rule extended the statute of limitations, the statute of limitations was not a bar because Moore acknowledged the debt, Select Portfolio possessed the original note, Moore's claims related to the validity of the note were barred by res judicata, and Moore lacked standing to challenge securitization.

During the summary judgment hearing on April 1, 2016, Select Portfolio Servicing presented, as exhibits, two documents it claimed as the original deed of trust and promissory note. The trial court noted that various markings on the two documents, including the signature by Sheryl Moore, used blue ink.

The trial court granted Select Portfolio Servicing's summary judgment motion. The court ruled that Select Portfolio, as possessor of the original deed of trust and note, could lawfully conduct a nonjudicial foreclosure proceeding. The court declined to address Sheryl Moore's statute of limitations argument because the statute of limitations is an affirmative defense, not an offensive claim. Also, the trial court ruled Moore did not have standing to challenge the securitization of the loan.

## LAW AND ANALYSIS

*Issue 1: Whether the trial court should have addressed Sheryl Moore's contention that the statute of limitations bars the defendants' claims?*

*Answer 1: We decline to address this issue because Sheryl Moore cites no authority to support her assignment of error.*

7

Sheryl Moore assigns error to the trial court's refusal to address the merits of her statute of limitations claim. In her appeal brief, she argues extensively, with citations to cases, her position that the statute of limitations bars enforcement of the deed of trust. Nevertheless, she presents no legal authority to contradict the trial court's ruling that the statute of limitations, as a defense, should be asserted by Moore to thwart a proceeding brought by a deed of trust holder, rather than as an offensive weapon in a complaint. Instead, Moore writes:

> Further, the trial court erred in not reaching the statute of limitations question since this case was brought in part to quiet title. This is not only an affirmative defense option for a foreclosure, this is the cause of action from the initial filing of the Summons and Complaint. An affirmative defense does not quite [sic] title and the trial court erred in saying that this argument should be presented as an affirmative defense to a foreclosure because the cause of action in the complaint included quieting title.

Br. of Plaintiff at 9.

RAP 10.3(a)(6) directs each party to supply, in her brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." We do not consider conclusory arguments that are unsupported by citation to authority. *Joy v. Department of Labor & Industries*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012). Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Therefore, we decline to address this assignment of error.

8

A thorough analysis and citation to authority is particularly apt in this case. The statute of limitations, as noted by the trial court, is typically asserted as a defense in a pending proceeding. We know of no pending proceeding against Sheryl Moore and of no pending deed of trust foreclosure action. Also, Moore dismissed her claims against Quality Loan Service Corporation, the party administering the earlier scheduled foreclosure sale.

*Issue 2: Whether the statute of limitations bars any claims to collect the note and any action to enforce the deed of trust?*

*Answer 2: We decline to address this issue because we affirm the trial court on other grounds.*

As noted above, we refuse to reverse the trial court's declination of hearing Sheryl Moore's substantive argument that the statute of limitations bars any later claims by one or more defendants to collect on the promissory note or enforce the deed of trust. For this reason, we also decline to address the merits of Moore's statute of limitations argument.

*Issue 3: Whether Sheryl Moore presented an issue of fact as to Select Portfolio Servicing or U.S. Bank National Association being the rightful holder of the promissory note?*

*Answer 3: We refuse to address this assignment of error because Moore cites no authority to support her argument.*

9

Sheryl Moore disputes that Select Portfolio Services or U.S. Bank National Association possess the original promissory note and that First Franklin Financial Corporation properly endorsed the note. Once again, Moore cites no statute or case law to support this assignment of error. She provides no analysis based on legal authority. We do not consider conclusory arguments that are unsupported by citation to authority. *Joy v. Department of Labor & Industries*, 170 Wn. App. at 629 (2012). We also note that Select Portfolio Servicing submitted the original note to the trial court during the summary judgment hearing.

*Issue 4: Whether Sheryl Moore presented an issue of fact as to whether all of the defendants lack authority to foreclose on the deed of trust?*

*Answer 4: We decline to address this issue because of the lack of a pending foreclosure.*

Sheryl Moore next argues that none of the defendants hold authority to foreclose on the deed of trust because none of the defendants are holders of the note secured by the deed. She further notes that the deed of trust named MERS as the beneficiary and MERS never possessed the promissory note such that it could foreclose.

We decline to address Sheryl Moore's assignment of error because the facts do not show any pending foreclosure. If and when a party initiates another foreclosure, that party may be an entity other than one of this suit's defendants. Sheryl Moore may then challenge the entity's right to foreclose.

10

A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief. *Spokane Research & Defense Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); *State v. Slattum*, 173 Wn. App. 640, 647, 295 P.3d 788 (2013). Generally, this court may not consider a case if the issue presented is moot. *In re Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983); *In re Detention of R.R.*, 77 Wn. App. 795, 799, 895 P.2d 1 (1995). Because this court can provide no effective relief, we decline review of this assignment of error on the basis of mootness.

*Issue 5: Whether Sheryl Moore presented an issue of fact as to whether the deed of trust obligation was securitized?*

*Answer 5: We decline to address this issue because of Moore's lack of citations to the factual record and to legal authority.*

Finally, Sheryl Moore argues that the loan was not properly securitized. In so contending, Moore cites no support from the trial court record and fails to illuminate the court with legal authority. We have previously observed that this court will not review an assignment of error unsupported by legal citations. We also decline review of an assignment of error not supported by citation to the factual record. RAP 10.3(a)(6) directs each party to supply, in their brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."

11

No. 34618-8-III
*Moore v. Select Portfolio Servicing*

CONCLUSION

We affirm the trial court's summary judgment dismissal of Sheryl Moore's

complaint.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, J.

12